ZACHARY M. BRIERS (SBN 287984)
zachary.briers@mto.com
ADAM W. KWON (SBN 327932)
adam.kwon@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

*Attorneys for Defendant Last Brand, Inc. d/b/a Quince*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Deckers Outdoor Corporation, | Case No. 23-cv-04850-AMO |
| *Plaintiff,* | Hon. Araceli Martínez-Olguín |
| v. | **QUINCE'S ANSWER TO FIRST AMENDED COMPLAINT** |
| Last Brand, Inc. d/b/a Quince, | |
| *Defendant.* | JURY TRIAL DEMANDED |

Defendant Last Brand, Inc. d/b/a Quince ("Quince") hereby submits its Answer in response to Plaintiff's First Amended Complaint for Damages and Equitable Relief ("FAC"). Each paragraph of the Answer below corresponds to the Corresponding numbered paragraph of the FAC. Quince denies every allegation set forth in the FAC unless expressly admitted below.

**JURISDICTION AND VENUE**[1]

1.      Quince admits that Plaintiff alleges trade dress infringement, unfair competition, and patent infringement. Quince denies the remaining allegations in Paragraph 1 of the FAC.

---

[1] The headings from the FAC are quoted herein for convenience but are not allegations to which a response is required. However, to the extent a response is necessary, Quince denies the statements and characterizations in such headings.

---

**QUINCE'S ANSWER TO FIRST AMENDED COMPLAINT**                                          Page | 1

2.    Quince admits this Court has subject-matter jurisdiction.

3.    Quince does not contest personal jurisdiction in this District solely for purposes of this action. Quince denies the remaining allegations in Paragraph 3 of the FAC.

4.    Quince admits that venue is proper in this District solely for purposes of this action. Quince denies the remaining allegations in Paragraph 4 of the FAC.

## THE PARTIES

5.    Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the FAC, and on that basis denies them.

6.    Quince admits Last Brand, Inc. d/b/a Quince is a Delaware corporation registered to do business in California with a principal place of business at 735 Market Street, San Francisco, California 94103.

7.    Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the FAC, and on that basis denies them.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    Deckers' UGG® Brand

8.    Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the FAC, and on that basis denies them.

9.    Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the FAC, and on that basis denies them.

10.    Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the FAC, and on that basis denies them.

11.    Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the FAC, and on that basis denies them.

### B.    Defendant's Infringing Activities[2]

12.    Quince admits that the face of U.S. Patent No. D927,161 ("the '161 patent") indicates that the Applicant and Assignee of the '161 patent is Deckers Outdoor Corporation. Quince

---

[2] Quince expressly denies that it has committed infringing activities.

admits that it sells footwear products to consumers in the United States. Quince denies the remaining allegations in Paragraph 12 of the FAC.

13.    Quince admits that it is engaged in the retail sale of apparel under the brand Quince, through the public website Quince.com, which can be reached by alternatively visiting https://www.onequince.com. Quince denies the remaining allegations in Paragraph 13 of the FAC.

14.    Quince denies the allegations in Paragraph 14 of the FAC.

15.    Quince denies the allegations in Paragraph 15 of the FAC.

16.    Quince admits that it sold to consumers in the United States a product called "Australian Shearling Mini Boots." Quince denies the remaining allegations in Paragraph 16 of the FAC.

17.    Quince denies the allegations in Paragraph 17 of the FAC.

18.    Quince denies the allegations in Paragraph 18 of the FAC.

## FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement - 15 U.S.C. § 1125(a))

19.    Quince repeats and reasserts the responses set forth in paragraphs 1–18 above as if fully set forth herein.

20.    Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the FAC, and on that basis denies them.

21.    Quince denies that Plaintiff has any protectable trade dress relevant to this action. Quince lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the FAC, and on that basis denies them.

22.    Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the FAC, and on that basis denies them.

23.    Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the FAC, and on that basis denies them.

24.    Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the FAC, and on that basis denies them.

25. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the FAC, and on that basis denies them.

26. Quince denies the allegations in Paragraph 26 of the FAC.

27. Quince denies the allegations in Paragraph 27 of the FAC.

28. Quince admits that there are many shoe designs in the footwear industry. Quince denies the remaining allegations in Paragraph 28 of the FAC.

29. Quince denies the allegations in Paragraph 29 of the FAC.

30. Quince denies the allegations in Paragraph 30 of the FAC.

31. Quince denies the allegations in Paragraph 31 of the FAC.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement– California Common Law)

32. Quince repeats and reasserts the responses set forth in paragraphs 1–31 above as if fully set forth herein.

33. Quince denies the allegations in Paragraph 33 of the FAC.

34. Quince denies the allegations in Paragraph 34 of the FAC.

35. Quince denies the allegations in Paragraph 35 of the FAC.

36. Quince denies the allegations in Paragraph 36 of the FAC.

37. Quince denies the allegations in Paragraph 37 of the FAC.

38. Quince denies the allegations in Paragraph 38 of the FAC.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code, § 17200 *et. seq.*)

39. Quince repeats and reasserts the responses set forth in paragraphs 1–38 above as if fully set forth herein.

40. Quince denies the allegations in Paragraph 40 of the FAC.

41. Quince denies the allegations in Paragraph 41 of the FAC.

42. Quince denies the allegations in Paragraph 42 of the FAC.

43. Quince denies the allegations in Paragraph 43 of the FAC.

44. Quince denies the allegations in Paragraph 44 of the FAC.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition – California Common Law)

45.    Quince repeats and reasserts the responses set forth in paragraphs 1–44 above as if fully set forth herein.

46.    Quince denies the allegations in Paragraph 46 of the FAC.

47.    Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the FAC, and on that basis denies them.

48.    Quince denies the allegations in Paragraph 48 of the FAC.

49.    Quince denies the allegations in Paragraph 49 of the FAC.

50.    Quince denies the allegations in Paragraph 50 of the FAC.

51.    Quince denies the allegations in Paragraph 51 of the FAC.

## FIFTH CLAIM FOR RELIEF

### (Patent Infringement – U.S. Pat. No. D927,161)

52.    Quince repeats and reasserts the responses set forth in paragraphs 1–51 above as if fully set forth herein.

53.    Quince admits that the face of the '161 patent, as reproduced in Plaintiff's Exhibit A to the FAC, indicates that the Applicant and Assignee of the '161 patent is Deckers Outdoor Corporation, and that the '161 patent issued on August 10, 2021. Quince lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of the FAC, and on that basis denies them.

54.    Quince admits that the face of the '161 patent, as reproduced in Plaintiff's Exhibit A to the FAC, indicates that the Applicant and Assignee of the '161 patent is Deckers Outdoor Corporation, and that the '161 patent issued on August 10, 2021. Quince lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the FAC, and on that basis denies them.

55.    Quince admits that it sold within the United States a product called "Australian Shearling Mini Boots." Quince denies the remaining allegations in Paragraph 55 of the FAC.

56.    Quince denies the allegations in Paragraph 56 of the FAC.

57. Quince denies the allegations in Paragraph 57 of the FAC.

58. Quince denies the allegations in Paragraph 58 of the FAC.

59. Quince denies the allegations in Paragraph 59 of the FAC.

60. Quince denies the allegations in Paragraph 60 of the FAC.

61. Quince denies the allegations in Paragraph 61 of the FAC.

62. Quince denies the allegations in Paragraph 62 of the FAC.

## PRAYER FOR RELIEF

To the extent any response to Plaintiff's requested relief is required, Quince denies that Plaintiff is entitled to any of the relief it requested.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof it would not otherwise bear, Quince asserts the following separate and additional affirmative defenses, all of which are pleaded in the alternative.

## DEFENSE NO. 1: FAILURE TO STATE A CLAIM

63. The FAC fails to state a claim upon which relief may be granted.

## DEFENSE NO. 2: NON-INFRINGEMENT OF TRADE DRESS

64. Quince has not infringed and does not infringe any of Plaintiff's valid trade dress rights.

## DEFENSE NO. 3: INVALIDITY OF TRADE DRESS – FUNCTIONALITY

65. Plaintiff's claims of trade dress infringement are barred, precluded, and/or limited by the doctrine of utilitarian functionality. Plaintiff has no valid trade dress protection over the design of its boots, as each element of Plaintiff's alleged trade dress is essential to the use and purpose of Plaintiff's boots.

## DEFENSE NO. 4: INVALIDITY OF TRADE DRESS – DISTINCTIVENESS

66. Plaintiff's claims of trade dress infringement are barred, precluded, and/or limited by the fact that Plaintiff's alleged product-design trade dress lacks requisite distinctiveness. Plaintiff's alleged product-design trade dress is not inherently distinctive because, as a matter of law, product-design trade dress can never be inherently distinctive. Plaintiff's alleged product-design trade dress also has not acquired distinctiveness, i.e., secondary meaning, as the elements of Plaintiff's alleged

product-design trade dress cannot and do not serve as source identifiers or otherwise indicate Plaintiff as the source of Plaintiff's boots.

### DEFENSE NO. 5: INVALIDITY OF TRADE DRESS – GENERICNESS

67.    Plaintiff's alleged product-design trade dress is generic and comprised of common elements, which cannot and do not serve as an indicator of source.

### DEFENSE NO. 6: NON-INFRINGEMENT OF U.S. PATENT NO. D927,161

68.    Quince has not infringed and does not infringe U.S. Patent No. D927,161.

### DEFENSE NO. 7: INVALIDITY OF U.S. PATENT NO. D927,161

69.    On information and belief, the design claimed by the '161 patent is invalid because it does not meet the conditions of patentability and/or comply with the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, 112, 116, 171, 282(b), as well as judicially created doctrines of invalidity, and the Rules and Regulations of the U.S. Patent and Trademark Office relating to the validity of patents.

### DEFENSE NO. 8: PATENT MARKING AND OTHER LIMITATIONS ON DAMAGES

70.    Plaintiff's claims for damages and recovery of costs are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### DEFENSE NO. 9: PROSECUTION HISTORY ESTOPPEL

71.    Plaintiff's claims are barred, in whole or in part, under the doctrine of prosecution history estoppel.

### DEFENSE NO. 10: EQUITY

72.    Plaintiff's claims are barred, in whole or in part, under additional principles of equity, including but not limited to the equitable doctrines of prosecution laches, waiver, forfeiture, acquiescence, estoppel, and/or unclean hands.

### DEFENSE NO. 11: LICENSE AND EXHAUSTION

73.    On information and belief, Plaintiff's claims for relief are barred, in whole or in part, by an express or implied license, release, stand-still agreement, and/or the patent exhaustion doctrine.

## DEFENSE NO. 12: ENSNAREMENT

74.     Plaintiff's claims for relief under the doctrine of equivalents, if any, are barred by the doctrine of ensnarement.

## DEFENSE NO. 13: EXCEPTIONALITY

75.     Plaintiff is not entitled to enhanced or increased damages, or attorneys' fees, on the basis that this case is exceptional. Quince reserves the right to move for attorneys' fees on the basis that this case is exceptionally frivolous or otherwise exceptional in a manner that warrants an award of attorneys' fees to Quince under applicable law.

## DEFENSE NO. 14: STANDING

76.     On information and belief, Plaintiff lacks standing to bring this action.

## RESERVATION OF ADDITIONAL DEFENSES

Quince reserves all rights to assert and rely on any additional defenses that may come available or apparent, and to amend its Answer and/or defenses accordingly.

## JURY TRIAL DEMANDED

Quince demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Quince requests that the Court enter judgment in its favor and against Plaintiff as follows:

   a.  declaring that Quince has not infringed and is not infringing any valid trade dress belonging to Plaintiff;

   b.  declaring that Quince has not and is not engaging in unfair competition in violation of any California statutory or common laws;

   c.  declaring that Quince has not infringed and is not infringing U.S. Patent No. D927,161 in any manner;

   d.  declaring that Quince's alleged product-design trade dress is unenforceable, in whole or in part, against Quince due to invalidity, waiver, forfeiture, acquiescence, equitable estoppel, exhaustion, implied license, unclean hands, and/or prosecution history estoppel;

e.  declaring that the '161 patent is unenforceable, in whole or in part, against Quince due to invalidity, waiver, forfeiture, acquiescence, equitable estoppel, exhaustion, implied license, unclean hands, patent misuse, prosecution history estoppel, and/or Plaintiff's failure to comply with 35 U.S.C. § 287;

f.  dismissing the FAC in its entirety, with prejudice, denying each and every prayer for relief therein;

g.  declaring this case exceptional under 35 U.S.C. § 285 and awarding Quince its costs and reasonable attorneys' fees in defending this action; and

h.  granting Quince any such other and further relief as the Court may deem necessary, just, or proper.

DATED: November 16, 2023

/s/ Zachary M. Briers
ZACHARY M. BRIERS (SBN 287984)
zachary.briers@mto.com
ADAM W. KWON (SBN 327932)
adam.kwon@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Fax: (213) 687-3702

Attorneys for Defendant Last Brand,
Inc. d/b/a Quince

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 16, 2023, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

/s/ Zachary M. Briers
Zachary M. Briers
