1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7   DECKERS OUTDOOR CORPORATION,           Case No.  23-cv-04850-AMO   (LJC)

8                    Plaintiff,
                                           **ORDER ON PROPOSED ESI ORDER**
9            v.
                                           Re: Dkt. Nos. 52, 59, 61, 63
10  LAST BRAND, INC.,

11                   Defendant.

12

13          Before the Court is a discovery dispute in a trade dress and patent infringement action

14  brought by Deckers Outdoor Corporation (Deckers) against Last Brand, Inc, dba Quince (Quince).

15  On August 5, 2024, the parties submitted a Joint Statement regarding Deckers' Motion to Compel

16  Quince's responses and production for three requests for production of documents. ECF No. 52 at

17  2-3. [1] The parties disagreed about the necessity of entering into a formal ESI agreement. *Id*. at 4-6.

18  The Court held that "entry of some form of ESI order" was appropriate and directed the parties to

19  meet and confer regarding the contents of the ESI order and file a stipulated proposed ESI order

20  or, if they could not reach an agreement, file a joint letter with their respective proposals. ECF No.

21  56 at 2. The parties filed what they claimed was a stipulated proposed ESI order, which, in the

22  section regarding "PRESERVATION," stated: "As to sources of documents not 'reasonably

23  accessible' and agreements not to preserve, the parties agree to follow the Joint Case Management

24  Statement (ECF 32.)." ECF No. 59 at 2. The proposed ESI Order sought to incorporate the Joint

25  Case Management Statement & Order (Joint Case Management Order) that the presiding judge

26  had modified and signed on January 12, 2024.  The instant dispute arose when the Court directed

27  ─────────────────

28  [1] Citations in this Order to documents filed in the docket of this case refer to page numbers as
    assigned by the Court's ECF filing system unless otherwise noted.

*United States District Court*
*Northern District of California*

the parties to file an amended ESI Order clarifying which categories of information the parties intended to search from the designated custodians. ECF No. 60. The parties filed an amended proposed ESI Order, which revealed that the parties did not in fact agree about which categories of information needed to be preserved, searched, and produced. *See* ECF Nos. 61, 62.

Having considered the parties' submissions and argument, the Court finds that the parties did not agree that emails and Slack messages were outside the scope of ESI to be searched, preserved, or produced in discovery. The Court directs the parties to meet and confer in good faith and file an amended proposed ESI Order consistent with this Order.

## I.     The Dispute

Quince contends that the language in the Joint Case Management Order, which was incorporated in the parties' two proposed Stipulated Orders Re: Discovery of Electronically Stored Information for Standard Litigation, ECF Nos. 59, 61, reflects an agreement between the parties that Quince is under no obligation to preserve or produce email or Slack messages. ECF No. 63 at 2. Quinces points to the paragraph in the Joint Case Management Order that states:

> In addition, the Parties agree and propose that the following data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B). ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced: backup systems and/or tapes used for disaster recovery; systems no longer in use that cannot be accessed. Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve, search, or collect the following: emails; voice messages; information from handsets, tablets, PDAs and mobile devices that is duplicative of information that resides in a reasonably accessible data source; video and audio recordings; instant messaging and chat application data; automatically saved versions of documents and emails; deleted, slack, fragmented, or other data accessible only by forensics; systems, server, and network logs; RAM, temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; online access data such as temporary internet files, history, cache, cookies, and the like; dynamic fields of databases or log files that are not retained in the usual course of business; data in metadata fields that are frequently updated automatically (such as last opened dates).

Based on this language, Quince contends that the parties agreed "not to preserve, search, or collect the following: emails, . . . instant messaging and chat application data."  ECF No. 63 at 1.[2]

---

[2] Quince's September 5, 2024 letter violates the Court's procedures for resolving discovery

Deckers, however, disagrees, arguing that the agreement contemplated that the parties would not preserve, search, or collect emails that are duplicative of information that resides in another reasonably accessible data source. ECF No. 62 at 3.

## II.        Analysis

The Court does not agree with either Quince's or Deckers' interpretation of the Joint Case Management Order. The better reading starts at the first sentence in the paragraph, which announces that the parties have agreed and proposed that certain "data sources are not reasonably accessible because of undue burden or cost."  ECF No. 32 at 6.  The next sentence then makes clear that "backup systems and/or tapes used for disaster recovery [and] systems no longer in use that cannot be accessed" are "data sources [that] are not reasonably accessible because of undue burden or cost." *Id.* The subsequent sentence explains, "Among the sources that the parties agree are not reasonably accessible" —backup systems and systems no longer in use—the parties agree not to "preserve, search, or collect" certain types of information, including emails, voice messages, and instant messaging and chat application data. *Id.* at 7. This is not stating that emails and instant messaging are, on their own, "data sources that the parties agree are not reasonably accessible," but rather that the parties do not have to preserve, search, or collect emails and instant messaging contained in the backup systems and systems no longer in use. *Id.* at 6-7.

The parties' asserted interpretations are unpersuasive.  Punctuation undermines Decker's reading.  Quince argues that the Case Management Order contains two definitions of "data sources that are not reasonably accessible," but this would lead to absurd results because there is no basis for the parties to represent—in particular regarding email—that such communications as a general matter are inaccessible and too burdensome to produce.

Moreover, the parties' conduct shows that they had no blanket agreement to exclude emails or other electronic communications from discovery. In their document requests, Deckers sought "[a]ll documents […] including but not limited to any emails" that contained certain terms

---

disputes, which requires the filing of joint discovery letters.  The Court, however, considers this letter given that Deckers filed an improper affidavit earlier the same day, stating its position. Counsel shall immediately review Section F-5 of the undersigned's Standing Order.

regarding the allegedly infringing designs, where "documents" included "any document or electronically stored information on any medium […] including, but not limited to, papers, writings, tangible objects, […] electronic files, electronic mail ('email'), computer data, and video or audio recordings *See* ECF No. 66-1 at 12; ECF No. 66-3 at 10, 17. Among other grounds for objections, Quince objected to the requests at issue "to the extent [they seek] the production of emails outside the scope of procedures contemplated by the Northern District of California Model E-Discovery Order and the parties' agreements." ECF Nos. 66-2 at 17, 66-4 at 29. However, "[s]ubject to and without waiving the foregoing objections, Quince is willing to meet and confer regarding a specific protocol for the review and production of email." *Id.* Referencing their objections, Quince later affirmed that they wanted to meet and confer with Deckers to set up "a specific protocol for the review and production of email." ECF No. 66-7. While the parties disputed the scope of emails to produce and protocol for producing emails, this dispute was predicated on the production of emails and would not have arisen if the parties had agreed, as Quince now argues, not to produce any emails at all. Accordingly, the Court finds that the parties never agreed that emails, instant messaging, and the other subcategories of ESI described in the Joint Case Management Order at Page Seven would be categorically excluded from production. *See* ECF No. 32 at 7.

The Court recognizes that the disputed paragraph in the Case Management Order is not a model of clarity. Yet, to the extent there is ambiguity, that ambiguity indicates that there was no agreement that Quince was relieved from preserving emails and instant messaging, and the parties' later course of conduct indicates that there was still a shared expectation that responsive emails would be produced.

The Court reminds the parties that they have a duty to cooperate in good faith regarding the "preservation, collection, search, and review and production of ESI." N.D. Cal. Guidelines for Discovery of Electronically Stored Information, Guideline 1.02. While the Court recognizes that the attorneys here have a duty to zealously represent their clients, "conducting discovery in a cooperative manner" does not compromise that. *Id*. The Court further directs the parties to follow Standing Order Section F-5 for all future discovery disputes.

The Court orders Quince to review, collect, and produce responsive emails and Slack messages. The parties shall meet and confer and finalize a proposed ESI protocol, consistent with the findings in this Order, to be filed no later than September 20, 2024.  The parties shall also meet and confer regarding a production schedule and the scheduling of any depositions impacted by this Order.  Any depositions impacted by the production of ESI pursuant to this order shall occur no later than October 11, 2024.  *See* Civ. L.R. 37-3 (contemplating that limited discovery conducted after the resolution of a discovery dispute may occur after the fact discovery cut-off).

**IT IS SO ORDERED.**

Dated: September 18, 2024

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California