UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br>Plaintiff,<br>v.<br>LAST BRAND, INC.,<br>Defendant. | Case No. 23-cv-04850-AMO   (LJC)<br><br>**ORDER RESOLVING DISCOVERY LETTER BRIEF**<br>Re: Dkt. No. 57 |

The Court has reviewed the joint letter regarding custodians filed by Plaintiff Deckers Outdoor Corporation (Deckers) and Defendant Last Brand, Inc. d/b/a Quince (Quince). ECF No. 57. This dispute concerns production of documents containing three product-specific search terms that Quince does not object to producing (for whatever custodians are ultimately selected) and one disputed search term for Deckers's brand name "UGG." The Court orders as follows:

The disputed custodians Siddhartha Gupta, Antonietta Moreland, and Sean Milligan shall be included in the search and production of the three undisputed search terms, which appear unlikely to hit on a significant number of irrelevant documents. Deckers has made a sufficient showing that those employees have responsibilities potentially relevant to the case, and Deckers is entitled, within reason, to test Quince's assertion that they were not involved in the products at issue. If, as Quince contends, those employees were not involved in the Quince products at issue (which Quince contends do not infringe the trade dress of the Deckers products that correspond to the search terms), the burden of producing any documents containing those Deckers product names from those custodians will be low. Any such burden is not unreasonable as compared to the documents' potential relevance.

The disputed custodians shall also be included in the initial search of documents containing the disputed term "UGG" without any of the agreed terms. The documents that contain the term

"UGG" are referred to as the "UGG Documents".  As directed in the Court's previous Order (ECF No. 56), Quince will share the number of UGG Documents from each custodian with Deckers and the parties shall meet and confer as to the treatment of those documents.  Depending on the number of UGG Documents at issue, as well as what the documents containing the undisputed search terms reveal, it may be appropriate to review or produce UGG Documents from some but not all of the custodians.  The parties shall follow the procedure set by the Court's previous Order to raise any disputes after the first tranche of documents is produced and the number of UGG Documents is disclosed.

The Court does not construe Deckers's reference to potential additional custodians or search terms (ECF No. 57 at 2) as raising a dispute that is ripe for resolution. The Court directs the parties to follow the procedures set forth in this Court's Standing Order to resolve any future disputes.

**IT IS SO ORDERED.**

Dated: September 20, 2024

LISA J. CISNEROS
United States Magistrate Judge