UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LAST BRAND, INC.,<br><br>Defendant. | Case No. 23-cv-04850-AMO (LJC)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 86, 87 |

The Court has reviewed the parties' two joint discovery letters filed September 25, 2024. ECF Nos. 86, 87.

With respect to the first of those joint discovery letters, ECF No. 86, Plaintiff's request for relief regarding the production of emails is granted. By September 30, 2024, Quince shall produce all email for current custodians containing the term UGG, except for those emails between Quince and its counsel. The search term is reasonably calculated to reveal relevant evidence and Quince has already represented that there were no emails that contain "Ultra Mini", "Bailey Button", or "Tasman". Further review for a producing party's view of relevance is disfavored, and the case law Quince has cited to establish that the search is facially overbroad is unpersuasive as applied to the context of this case. Although the Court's previous Order regarding search terms contemplated that further narrowing or review of emails containing the term "UGG" *might* be appropriate depending on the number of documents at issue, Quince has not demonstrated that the production of less than 2,000 emails is burdensome. Quince appears to be concerned that this discovery might lead Deckers to identify new claims. That, however, is not a justification to deprive Deckers of the opportunity to discovery relevant information, as set forth in Rule 26 of the Federal Rules of Civil Procedure.

With respect to the production of Slack messages, Deckers offered no meaningful

1  argument as to the relevance and burden of producing such messages or Quince's proposed
2  compromise, and Quince provided a partial update of its ongoing assessment of its ability to do so.
3  The Court has reviewed the parties' update and will consider any discovery letter submitted on
4  this issue prior to the ordinary deadline under Civil Local Rule 37-3.
5        With respect to the parties' second joint discovery letter, ECF No. 87, the undersigned
6  grants in part Deckers's request for relief as to Request for the Production of Documents No.
7  104.  If Quince used keywords related to Deckers's brand name to direct customers to the products
8  at issue, that might bear on a factfinder's consideration of whether Quince intended to copy
9  Deckers's trade dress in designing those products.  *See* ECF No. 56 at 4 (previous Order
10 discussing the relevance of a defendant's knowledge and intent).  Quince is therefore ORDERED
11 to produce no later than October 7, 2024 documents *sufficient to show* the "metadata tags,
12 AdWords, or SEO keywords" that Quince used "to advertise any of the shoes pictured in Exhibit 1
13 (or any variations or additional colorways of the same shoe designs) . . . from 2016 to the present."
14 *See* ECF No. 87-1.  In the alternative, Quince may provide a verified response identifying all such
15 keywords and tags and specifying the time periods, products, and platforms for which they were
16 used.
17       At this time, it is not apparent that production of all communications and other documents
18 *related* to such keywords is proportional to the needs of the case.  If Quince's production or
19 response as ordered above indicates that it used keywords related to Deckers's brands or products,
20 however, the parties must meet and confer as to an appropriate scope of production of documents
21 related to those keywords (recognizing that at least some such documents might already be
22 captured by the production as ordered above of emails containing the term "UGG" if that is a
23 keyword that Quince used for these products), and shall file a stipulation or joint discovery letter
24 no later than October 11, 2024.
25       Keywords may be of greater relevance if Deckers is allowed to amend its complaint as
26 proposed in a pending motion.  If the Court grants Deckers's pending motion to amend its
27 complaint, Quince shall identify a custodian concerning Quince's use of metatags, AdWords and
28 keywords to advertise the Accused Products and respond to this request within one week after the

Court's order.  If the Court grants and denies in part Decker's motion, and the parties shall meet and confer regarding the appropriate scope of discovery, and may present a new discovery letter as to any outstanding, related dispute by the same deadline.

Turning to the FRCP 30(b)(6) deposition of Sid Gupta, 2.5 hours of the time taken during his prior deposition shall count against the parties' agreed upon fifteen-hour limit.  The prior dispute concerning questions that Gupta was unprepared to answer does not warrant the full remedy that Deckers seeks because the deposition was likely still partially effective.

**IT IS SO ORDERED.**

Dated: September 26, 2024

LISA J. CISNEROS
United States Magistrate Judge