UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LAST BRAND, INC.,<br><br>Defendant. | Case No. 23-cv-04850-AMO   (LJC)<br><br>**ORDER REGARDING ADMINISTRATIVE MOTION TO CONSIDER WHETHER DOCUMENT SHOULD BE SEALED AND MOTION TO REMOVE DOCUMENT**<br><br>Re: Dkt. Nos. 72, 82 |

## I. BACKGROUND

On September 11, 2024, Plaintiff Deckers Outdoor Corporation (Deckers) filed a declaration in response to a previous Order of this Court, attaching as one of several exhibits a meet-and-confer letter that Deckers's counsel had previously sent to counsel for Defendant Last Brand, Inc. (Quince). ECF No. 66. Quince contacted Deckers the next day to alert Deckers that the meet-and-confer letter contained information that Quince had designated as confidential and attorneys-eyes-only under the protective order in this case, and to ask Deckers to take action to remove the document from the public docket. ECF No. 82-1, ¶ 3. On September 13, 2024, Deckers filed a redacted version of the document, ECF No. 71, and a motion to remove the unredacted version from the docket, ECF No. 72.

The Court instructed Deckers to file an administrative motion to consider whether the document should be sealed pursuant to Civil Local Rule 79-5(f), ECF No. 74, and Deckers did so on September 20, 2024, ECF No. 82. Deckers asserted that it "intends to oppose [Quince's] confidentiality designation and will submit its briefing in accordance with Local Rule 79-5(f)."

ECF No. 82 at 2.[1]

Quince filed a statement in response asserting that the redacted portions of the meet-and-confer letter should be sealed because they reveal the identity of one of Quince's suppliers; information about Quince's relationship, negotiations, and agreements with its suppliers; and internal risk management strategies. ECF No. 85 at 3–5. Deckers did not file a response to Quince's statement, and the time to do so has expired. *See* Civ. L.R. 79-5(f)(4).

## II. LEGAL STANDARD

Documents filed with discovery motions that are no "more than tangentially related to the merits of a case" may be maintained under seal on a showing of "good cause," as distinct from the more stringent standard of "compelling reasons" to seal documents filed in contexts more closely tied to the merits. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).[2]

## III. ANALYSIS

Quince has shown good cause to seal the identity of one of its vendors that is not otherwise public. *See, e.g.*, *Monster Cable Prods. v. Di Ve Rsified Repackaging Corp.*, No. C-10-05673-RS (DMR), 2011 U.S. Dist. LEXIS 90263, *5-6 (N.D. Cal. Aug. 12, 2011) ("Defendants' supplier names are a protectable trade secret [that] should be protected through an appropriate protective order that . . . limits their disclosure to outside counsels' attorneys' eyes only . . . ."). The Court therefore SEALS the word(s) between "I just showed you" and "I believe it was" at line 15 of a deposition transcript excerpt on page 4 of the meet-and-confer letter, as well as the same word(s) appearing towards the top of page 5 of the meet-and-confer letter. Deckers is ORDERED to redact those passages from the public version of the letter that will be filed in response to this Order.

---

[1] Citations herein to documents filed in the record of the case refer to the page numbers as assigned by the Court's ECF filing system.

[2] Quince cites an older Ninth Circuit standard turning on a distinction between "dispositive" and "non-dispositive" motions. ECF No. 85 at 2 (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). Although the Ninth Circuit has perhaps not formally abrogated that test, its explanation of the appropriate standard in *Center for Auto Safety* substantially displaced the older focus on whether a motion is "dispositive," instead setting forth the "more than tangentially related" standard cited above.

This Order does not reach the question of whether that vendor's identity would be sealable under the "compelling reasons" standard applicable to documents more closely tied to the merits of the case. This Order is also without prejudice to any steps that Deckers might take to challenge Quince's confidentiality designations under the terms of the protective order.

The Court does not find good cause to seal any of the other material at issue. Although certain aspects of Quince's negotiations, contract terms, and internal procedures would likely warrant sealing, this letter merely: (1) reveals that a vendor (whose identity will remain sealed) asserted that it had the right to a design for a product that it intended to produce for Quince; and (2) speaks in very general terms about the fact that Quince seeks assurances from vendors and sometimes consults with outside counsel to ensure that products it sells do not infringe others' intellectual property rights. Quince has not articulated any harm that might result from disclosing that information, and its broad interests in confidentiality of negotiations, contract terms, and procedures more generally do not warrant sealing the specific portions of the meet-and-confer letter at issue here. The request to seal anything other than the vendor's name is therefore DENIED.

## IV.     CONCLUSION

For the reasons discussed above, the Deckers is ORDERED to file a new version of the meet-and-confer no later than one week from the date of this Order, redacting only the two instances of the vendor's name as discussed above. Unredacted versions of the letter that are currently sealed on the docket (ECF Nos. 66-9, 82-4) shall remain under seal. This Order resolves ECF Nos. 72 and 82.

**IT IS SO ORDERED.**

Dated: October 3, 2024

LISA J. CISNEROS
United States Magistrate Judge