UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LAST BRAND, INC.,<br><br>Defendant. | Case No. 23-cv-04850-AMO  (LJC)<br><br>**ORDER REGARDING ADWORDS DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 95 |

This case concerns allegations that certain footwear products sold by Defendant Last Brand, Inc. (Quince) infringed a design patent and the trade dress of Plaintiff Deckers Outdoor Corporation (Deckers), which owns the brand UGG.

Deckers requested that Quince produce documents all related to Quince's use of "metadata tags, AdWords, or SEO keywords" to advertise the accused products. ECF No. 87-1 at 2. The parties previously raised a dispute regarding that request, and the Court ordered Quince "to produce no later than October 7, 2024 documents *sufficient to show* the metadata tags, AdWords, or SEO keywords that Quince used to advertise [the accused products] from 2016 to the present." ECF No. 89 at 2 (cleaned up). In the Court's view, such documents are potentially relevant because "[i]f Quince used keywords related to Deckers's brand name to direct customers to the products at issue, that might bear on a factfinder's consideration of whether Quince intended to copy Deckers's trade dress in designing those products." *Id.*  The Court offered Quince the alternative of "provid[ing] a verified response identifying all such keywords and tags and specifying the time periods, products, and platforms for which they were used." *Id.*  The Court addressed other documents *related* to Quince's use of such terms as follows:

> At this time, it is not apparent that production of all communications and other documents *related* to such keywords is proportional to the needs of the case. If Quince's production or response as ordered above

> indicates that it used keywords related to Deckers's brands or products, however, the parties must meet and confer as to an appropriate scope of production of documents related to those keywords (recognizing that at least some such documents might already be captured by the production as ordered above of emails containing the term "UGG" if that is a keyword that Quince used for these products), and shall file a stipulation or joint discovery letter no later than October 11, 2024.

*Id.*[1]

The parties did not file anything related to this issue by the October 11 deadline. On October 15, 2024, the Court ordered the parties "to file a joint statement no later than October 17, 2024 either: 1) confirming that the previously ordered discovery did not reveal any keywords related to Deckers's products or brands, or 2) updating the Court on the parties' discussions regarding any such keywords." ECF No. 93.

The parties have now filed a joint letter indicating that Quince produced documents indicating that it did not use SEO keywords or metadata tags related to Deckers's products or brands, and that no further discovery is needed at this time as to those categories. *See* ECF No. 95 at 2, 3.

The parties dispute, however, the sufficiency of Quince's production regarding AdWords. Quince produced a Google AdWords report on October 8, 2024 (one day after the production deadline) that included the keywords "ugg lookalikes" and "ugg slipper dupes." ECF No. 95 at 3; ECF No. 94-3 at 10, 12 (provisionally under seal).[2] Quince asserts that it "bid on (but [did] not purchase[])" those keywords, and they "generated zero click on the ads and cost Quince $0." ECF No. 95 at 4. The report was prepared on October 7, 2024 and includes only data from the past year, because that is all that Quince was able to access from Google. *Id.*

Deckers now asks that the Court required Quince to produce either documents or a verified response indicating its use of AdWords for the accused products prior to the October 2023 start of

---

[1] The Court also ordered further discovery and/or efforts to meet and confer regarding this issue if the presiding district judge grants Deckers's pending motion for leave to amend its complaint.
[2] The Court will address in due course Deckers's administrative motion to consider whether this document should be sealed, after Quince files a response. Although the document as a whole might warrant sealing, the Court is satisfied that the two keywords quote in this Order do not. Going forward, and to the extent possible, the parties are encouraged to file all documents in support of sealing any *joint* filing at the same time as the joint filing, rather than relying on the phased process of Civil Local Rule 79-5(f).

2

the report that Quince produced. ECF No. 95 at 3. Deckers asserts that the limited information available on the face of the report "highlights . . . why a verified response is needed." *Id.* In response, Quince asserts that it "has fully complied with the Court's order by producing responsive documents sufficient to show the 'AdWords' relating to the three Quince products at issue maintained in Quince's ordinary course of business that are in Quince's possession, custody, or control," and that the Court should not transmute Deckers's request for production of documents into an interrogatory that Deckers never served. *Id.* at 4.

        Quince is correct that the Court offered Quince the option of producing a verified written response as an alternative to producing documents, that Quince is not required to treat Deckers's request for production as an interrogatory, and that Quince cannot (and thus need not) produce documents that it does not have. It is not entirely clear from the joint letter, however, whether Quince fully complied with the Court's previous Order. The fact that Google's records only go one year back does not relieve Quince of its obligation to produce other documents as might be needed to demonstrate AdWords it used prior to October 2023. Such documents might include— without limitation—internal emails, marketing strategy reports, invoices, or purchase confirmations. If Quince has conducted a diligent search and determined that it has no documents reflecting AdWords that it used for the accused products before October 2023, then its obligations are complete. If not, Quince must conduct such a search and produce documents as required by the previous Order no later than October 25, 2024.

        Deckers does not clearly seek further documents *related to* the AdWords revealed in the report Quince produced. The Court finds that Deckers has waived its opportunity to seek such discovery by failing to do so within the time allowed by the previous Order. If a supplemental production by Quince in response to this Order reveals additional relevant AdWords, however, the Court will consider allowing Deckers a further opportunity to seek limited discovery related to those AdWords. This Order is also without prejudice to any discovery that might be appropriate if the Court grants Deckers leave to amend its complaint.

/ / /

/ / /

The parties shall file a status report addressing compliance with this Order, and any issues arising out of documents that might be produced pursuant to this Order, no later than October 30, 2024.

**IT IS SO ORDERED.**

Dated: October 18, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge