UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LAST BRAND, INC.,<br><br>Defendant. | Case No. 23-cv-04850-AMO   (LJC)<br><br>**ORDER REGARDING ADMINISTRATIVE MOTION TO CONSIDER WHETHER DOCUMENT SHOULD BE SEALED**<br><br>Re: Dkt. No. 94 |

Plaintiff Deckers Outdoor Corporation (Deckers) filed an administrative motion to consider whether a document submitted in connection with a discovery dispute should be filed under seal based on a designation of confidentiality by Defendant Last Brand, Inc. (Quince). Quince filed a statement in response asserting that the document—a summary of its spending on Google AdWords advertising for certain products—reveals confidential information about its marketing strategies. ECF No. 98. Although Deckers initially indicated that it "intend[ed] to oppose Defendant's confidentiality designation and [would] submit its briefing in accordance with Local Rule 79-5(f)," ECF No. 94 at 2, Deckers did not file a brief in opposition to sealing.[1]

Documents filed with discovery motions that are no "more than tangentially related to the merits of a case" may be maintained under seal on a showing of "good cause," as distinct from the more stringent standard of "compelling reasons" to seal documents filed in contexts more closely tied to the merits. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).[2]

---

[1] Deckers has now twice indicated that it would submit briefs in opposition to sealing that it failed to file. *See* ECF No. 82 at 2. Deckers is admonished to ensure that its representations to the Court are accurate.

[2] Quince once again cites an older Ninth Circuit standard turning on a distinction between

1    Quince has shown good cause to seal the AdWords summary.  The Court therefore
2    ORDERS that document to remain under seal.  This Order does not reach the question of whether
3    "compelling reasons" would support sealing the same document in a different context more
4    closely related to the merits of the case.
5    **IT IS SO ORDERED.**
6    Dated: November 12, 2024

LISA J. CISNEROS
United States Magistrate Judge

---

"dispositive" and "non-dispositive" motions.  ECF No. 98 at 2 (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)).  This Court has previously explained that "[a]lthough the Ninth Circuit has perhaps not formally abrogated that test, its explanation of the appropriate standard in *Center for Auto Safety* substantially displaced the older focus on whether a motion is 'dispositive,' instead setting forth the 'more than tangentially related' standard cited above."  ECF No. 90 at 2 n.2.  Quince is encouraged to cite the more recent legal standard in future requests to file under seal.

2