# Exhibit 1

Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

**Attorney for Plaintiff**
**Deckers Outdoor Corporation**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN FRACISCO DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>LAST BRAND, INC. dba QUINCE, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>            Defendants. | ) CASE NO. 3:23-cv-04850-AMO<br>)<br>) **PLAINTIFF DECKERS OUTDOOR**<br>) **CORPORATION'S SUPPLEMENTAL**<br>) **INITIAL DISCLOSURES TO**<br>) **DEFENDANT LAST BRAND, INC.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF DECKERS OUTDOOR CORPORATION'S
## SUPPLEMENTAL INITIAL DISCLOSURES TO DEFENDANT LAST BRAND, INC.

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") hereby makes the following Initial Disclosures in the above-captioned matter.  These Initial Disclosures are made in a good faith effort to provide Defendant Last Brand, Inc. ("Quince" or "Defendant") with relevant information currently available to Plaintiff and without prejudice to Plaintiff's ability to rely on additional evidence. Deckers reserves the right to amend and/or supplement these Initial Disclosures as other relevant information becomes available through discovery in this matter.  Furthermore, these

Initial Disclosures do not constitute and shall not be construed as an admission that any information provided herein is relevant, admissible, or non-privileged, and Deckers expressly reserves its right to raise all such objections.

## A.    PERSONS WITH INFORMATION

Based upon information available to date, Deckers believes that the persons identified below are likely to have discoverable information that supports its claims:

1.    Thomas Garcia, General Counsel for Deckers Outdoor Corporation c/o Blakely Law Group, 1334 Parkview Avenue, Suite 280, Manhattan Beach, California 90266; (310) 546-7400. Mr. Garcia may provide testimony regarding Deckers' claims against Defendant in this action, including the UGG® brand; Deckers' ownership and prosecution of U.S. Design Pat. No. D927,161 ("the '161 Patent"); Deckers' ownership and use of the Classic Ultra Mini Trade Dress, Bailey Button Boot Trade Dress, and the Tasman Trade Dress; UGG® Classic Ultra Mini products marketed under the Classic Ultra Mini Trade Dress which also serves as the embodiment of the design of the '161 Patent; UGG® Bailey Button Boots marketed under the Bailey Button Boot Trade Dress; UGG® Tasman products marketed under the Tasman Trade Dress; and, to the extent relevant to damages, lost profits caused by Defendant.

2.    Lisa Bereda, Vice President, Deputy General Counsel for Deckers Outdoor Corporation c/o Blakely Law Group, 1334 Parkview Avenue, Suite 280, Manhattan Beach, California 90266; (310) 546-7400. Ms. Bereda may provide testimony regarding Deckers' claims against Defendant in this action, including the UGG® brand; Deckers' ownership and prosecution of the '161 Patent; Deckers' ownership and use of the Classic Ultra Mini Trade Dress, Bailey Button Boot Trade Dress, and the Tasman Trade Dress; UGG® Classic Ultra Mini products marketed under the Classic Ultra Mini Trade Dress which also serves as the embodiment of the design of the '161 Patent; UGG® Bailey Button Boots marketed under the Bailey Button Boot Trade Dress; UGG® Tasman products marketed under the Tasman Trade Dress; and, to the extent relevant to damages, lost profits caused by Defendant.

PLAINTIFF'S SUPPLEMENTAL INITIAL DISCLOSURES

3.    Helene Frain Terras, employee of Deckers Outdoor Corporation c/o Blakely Law Group, 1334 Parkview Avenue, Suite 280, Manhattan Beach, California 90266; (310) 546-7400, the inventor of the '161 Patent.

4.    Defendant's representatives and others identified by Defendant as having relevant knowledge to the claims and defenses in this Action.

5.    Third parties subpoenaed by either Plaintiff or Defendant in connection with this matter who have relevant knowledge to the claims and defenses in this Action.

## 1.    DESCRIPTION OF DOCUMENTS

Based upon information to date, Deckers believes that documents and things pertaining to the following topics may be used to support its claims:

1.    Deckers' ownership and prosecution of the '161 Patent.

2.    Deckers' ownership and use of the Classic Ultra Mini Trade Dress, Bailey Button Boot Trade Dress, and Tasman Trade Dress.

3.    Samples and/or photographs of authentic UGG® Classic Ultra Mini marketed under the Classic Ultra Mini Trade Dress which also serve as the embodiment of the design of the '161 Patent.

4.    Samples and/or photographs of authentic UGG® Bailey Button Boot marketed under the Bailey Button Boot Trade Dress.

5.    Samples and/or photographs of authentic UGG® Tasman marketed under the Tasman Trade Dress.

6.    Defendant's role in the design, development, manufacture, distribution, advertisement, promotion, offer for sale, and sale of its products that infringe upon the'161 Patent, the Classic Ultra Mini Trade Dress, the Bailey Button Boot Trade Dress, and/or the Tasman Trade Dress (the "Accused Products").

7.    Samples and/or photographs of the Accused Products.

8. Defendant's sale of Accused Products, including revenue and profits from such sales, and any purported costs that Defendant seeks to deduct from their respective revenue to calculate net profit.

9. Defendant's knowledge of the UGG® brand, the '161 Patent, the Classic Ultra Mini Trade Dress, the Bailey Button Boot Trade Dress, and the Tasman Trade Dress prior to first offering the Accused Products for sale and any intentional copying of the '161 Patent, the Classic Ultra Mini Trade Dress, the Bailey Button Boot Trade Dress, and the Tasman Trade Dress.

10. Insurance and indemnification agreements applicable to the Accused Products and/or any claims asserted against Defendant in this action.

11. Prior complaints and/or accusations of intellectual property infringement against Defendant, including but not limited to cease-and-desist letters, lawsuits, licensing and settlement agreements.

12. Damages caused by Defendant, including but not limited to monetary compensation based on Defendant's profits and Plaintiff's losses sustained.

The foregoing documents are in the possession of Defendant, Deckers and/or Deckers' counsel at Blakely Law Group, and/or third parties.

## 2. INITIAL COMPUTATION OF DAMAGES

Deckers' Complaint asserts claims against Defendant for infringement of Deckers' Classic Ultra Mini Trade Dress, Bailey Button Boot Trade Dress, and Tasman Trade Dress ("Asserted Trade Dress") and unfair competition under the Lanham Act, infringement of the '161 Patent ("Asserted Patent"), as well as similar corresponding claims under the statutory and common law of California—all arising from Defendant's manufacture, importation into the U.S., distribution, advertisement, marketing, offering for sale, and/or sale of the Accused Product.

### 1. Damages Due to Infringement of Deckers' Asserted Patent

Under 35 U.S.C. § 289, an infringer of a design patent is liable to the patent holder "to the extent of his total profit." Although "a patentee may not recover both

infringer profits and additional damages under § 284" for a design patent, courts leave it to the design patent owner to elect between seeking an award under Section 284 or Section 289. *See Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291 (Fed. Cir. 2002); *Nordock, Inc. v. Sys., Inc.*, 803 F.3d 1344, 1357 (Fed. Cir. 2015), vacated, *Sys., Inc. v. Nordock, Inc.*, 137 S. Ct. 589 (2016) (noting that it was an error to award damages under Section 284 and ignore a design patentee's choice to seek an infringer's profits under Section 289).

Deckers does not currently have information sufficient to calculate damages with respect to its patent infringement claim. Deckers will provide a calculation of damages under 35 U.S.C. § 289 and amend these Initial Disclosures after receiving sales information from Defendant necessary to determining Defendant's "total profits." Note that in calculating Defendant's "total profit, the burden to prove cost deductions rests solely on Defendant. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2017 U.S. Dist. LEXIS 177199, at \*96-97 (N.D. Cal. Oct. 22, 2017) (listing various circuit court decisions holding that, e.g., "The burden of establishing the nature and amount of these [overhead] costs, as well as their relationship to the infringing product, is on the defendants.").

**2.    Damages Due to Infringement of the Asserted Trade Dress**

Under 15 U.S.C. § 1117(a), Deckers is entitled to recover all profits, damages sustained, and the costs of the action for Defendant's unauthorized use of Deckers' Asserted Trade Dress in violation of the Lanham Act.  The controlling case law on determining a defendant's profits as damages under 35 U.S.C. § 289 is virtually identical to determining a defendant's profits under 15 U.S.C. § 1117(a).  Similar to calculating Defendant's profits under 35 U.S.C. § 289, under § 1117(a), the burden of proving properly deducted costs is solely on defendants and such costs may only be deducted when they are "actually related" to the sale of an infringing product. *See, e.g., Abbott Labs. v. Unlimited Beverages, Inc*., 218 F.3d 1238, 1242 (11th Cir. 2000) (finding no abuse of discretion in district court's refusal to deduct costs that "would

have been incurred even without the sale of the prohibited product). Under § 1117(a), Deckers is also allowed to recover for "any damages sustained" on account of Defendant, including both lost profits and other intangible harms, e.g., reputational injury, lost pricing power, etc. as well as the costs of the action under 15 U.S.C. § 1117(a).

As mentioned above, Deckers cannot determine the amount of monetary damages sustained until it receives certain sales information from Defendant. However, if this case were to progress, Deckers intends to present evidence that:

The UGG® Classic Ultra Mini marketed under the Classic Ultra Mini Trade Dress sell for an average of $140/Unit at retail with a substantial portion going towards Deckers' net profit. The UGG® Bailey Button Boot marketed under the Bailey Button Boot Trade Dress sell for an average of $190/Unit at retail with a substantial portion going towards Deckers' net profit. The UGG® Tasman marketed under the Tasman Trade Dress sell for an average of $110/Unit at retail with a substantial portion going towards Deckers' net profit. Thus, Deckers may be entitled to recover as much as $65 - $108 for every sale Defendant unlawfully diverted away from Deckers as part of its "damages sustained" under 15 U.S.C. § 1117(a).

### 3.    Punitive Damages and Attorneys' Fees and Costs

Deckers also intends to seek treble damages and an award of its attorneys' fees and costs under 35 U.S.C. § 285 and/or 15 U.S.C. § 1117 to the extent evidence yet-to-be obtained through discovery shows that this is an "exceptional case" and/or that Defendant willfully infringed the Asserted Trade Dress and Asserted Patent.

Deckers further reserves its right to seek punitive damages to the extent supported and allowed under California common law. *See, e.g., Bobrick Washroom Equip., Inc. v. Am. Specialties, Inc.*, 2010 U.S. Dist. LEXIS 147813, at *10 (C.D. Cal. Dec. 15, 2010).

### 4.    Injunctive Relief

Finally, in addition to monetary damages, Deckers seeks a Permanent Injunction enjoining Defendant from manufacturing, importing, advertising, marketing, distributing in commerce, offering for sale, and selling Accused Products or any other products that bear a design substantially similar to the design of the Asserted Patents and/or confusingly similar to the overall appearance of the Asserted Trade Dress. Deckers also seeks injunctive relief enjoining Defendant from committing any further acts that falsely represent Defendant's goods and services are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Deckers and its products. *See, e.g., Fiji Water Co., LLC v. Fiji Mineral Water USA, LLC*, 741 F. Supp. 2d 1165, 1182 (C.D. Cal. 2010).

BLAKELY LAW GROUP

DATED:    January 29, 2024    By:    */s/ Jamie Fountain*
Brent H. Blakely
Jamie Fountain
**Attorney for Plaintiff**
**Deckers Outdoor Corporation**

**PLAINTIFF'S SUPPLEMENTAL INITIAL DISCLOSURES**

# PROOF OF SERVICE

I am employed in the county aforesaid; I am over the age of 18 years and not a party to the within action; my business address is 1334 Parkview Avenue, Suite 280, Manhattan Beach, California 90266. On January 29, 2024, I served the documents named below on the parties in this action as follows:

**Document(s) Served:** **PLAINTIFF'S SUPPLEMENTAL INITIAL DISCLOSURES**

**Served Upon:** ZACHARY M. BRIERS (SBN 287984)
zachary.briers@mto.com
ADAM W. KWON (SBN 327932)
adam.kwon@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
***Attorney for Defendant Last Brand, Inc.***

[X]  (**BY E-MAIL**)  I caused a copy of the document(s) described herein to be to be transmitted via electronic mail to the recipients listed above to at the listed electronic mail address(es).

[ ]  (**BY PERSONAL SERVICE**)  I served the foregoing document by placing true copies thereof enclosed in sealed envelope(s) addressed as stated below.  I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

[X]  (**FEDERAL**)  I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 29, 2024, at Manhattan Beach, California.

_____
Kanani Gonzales
**BLAKELY** Law Group

8
**PLAINTIFF'S SUPPLEMENTAL INITIAL DISCLOSURES**