# Exhibit 2

Furthermore, Deckers marks substantially all footwear products embodying the design of the '161 Patent with "Patent # D927,161", and/or via virtual patent marking on a product label affixed to the footwear products embodying the design of the '161 Patent in compliance with 35 U.S.C. §287.

In addition to the widespread popularity and recognition of Deckers' UGG® brand, and the patent notice provided on the products themselves, Defendants had pre-suit knowledge of Deckers' UGG® Classic Ultra Mini, the embodiment of the '161 Patent and Classic Ultra Mini Trade Dress, as evidenced by Defendant's comparison of the Accused Products and the UGG® Classic Ultra Mini on Defendant's website. It is likely that Defendant intentionally copied said designs on their own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

Additionally, Defendant is continuing to sell the Accused Product on its website even after receiving notice of Deckers' claims through Deckers' filing of this lawsuit.

Deckers will further supplement its response to this Interrogatory with documents in which it intends to rely on to prove willful infringement of the Classic Ultra Mini Trade Dress and the '161 Patent by Defendant and that Defendant has unfairly competed with Deckers pursuant to Fed.R.Civ.P. 33(d). Discovery is ongoing and Deckers reserves the right to amend and/or supplement this response as additional information becomes available.

**INTERROGATORY NO. 18:**

Separately for each cause of action asserted in the Complaint, describe in detail all harm, whether reparable or irreparable, that Plaintiff claims to have suffered as a result of Defendant's alleged conduct, including the measure and proper calculation of any and all damages and harm claimed by Plaintiff in this litigation,

**PLAINTIFF'S RESPONSES TO DEFENDANT LAST BRAND, INC.'S INTERROGATORIES – SET ONE**

which includes, without limitation, the measure and proper calculation, if any, of a reasonable royalty, royalty base, royalty rate, lost profits, and price erosion.

**RESPONSE TO INTERROGATORY NO. 18**

In response to this Interrogatory, Plaintiff incorporates by reference all General Objections set forth above, and further makes the following Specific Objections: Plaintiff objects to this Interrogatory as premature, overbroad, and unduly burdensome on the grounds that the amount of actual damages Plaintiff has suffered cannot be fully determined without documents and information that are currently solely in Defendants' possession. Plaintiff further objects to providing "a computation of each category of damage" to the extent it requires the opinion of experts.

Subject to and without waiving the foregoing General and Specific Objections, including any interpretations of vague and ambiguous terms, Plaintiff answers that: Based on the information currently available, Deckers has suffered and is entitled to damages adequate to compensate for Defendants' infringement, including but not limited to Defendants' profits under 35 U.S.C. § 289, 15 U.S.C. § 1117(a) and California common law, and in no event less than a reasonable royalty for Defendants' infringing use of the '161 Patent, as well as punitive damages, attorneys' fees and costs, and interest in an amount based on the actual damages awarded.

Under 35 U.S.C. § 289, Deckers is entitled to recover damages in an amount equal to Defendants' "total profit" from its sales of the Accused Products. Similarly, under 15 U.S.C. § 1117(a), Deckers is entitled to recover all profits, damages sustained, and the costs of the action for Defendants' unauthorized use of Deckers' Classic Ultra Mini Trade Dress in violation of the Lanham Act. In addition, Deckers may seek its damages sustained under 15 U.S.C. § 1117(a). To date, Defendants have

**PLAINTIFF'S RESPONSES TO DEFENDANT LAST BRAND, INC.'S INTERROGATORIES – SET ONE**

not provided complete information regarding its purported sales, revenue, profits, and costs, or any details regarding how Defendant calculated its net profit, or deductions.

Courts leave it to the design patent owner to elect between seeking an award under Section 284 or Section 289, and in this case, Deckers has not made an election. profits. *See Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291 (Fed. Cir. 2002); *Nordock, Inc. v. Sys., Inc.*, 803 F.3d 1344, 1357 (Fed. Cir. 2015), vacated, *Sys., Inc. v. Nordock, Inc.*, 137 S. Ct. 589 (2016) (noting that it was an error to award damages under Section 284 and ignore a design patentee's choice to seek an infringer's profits under Section 289). However, to the extent Deckers seeks a reasonable royalty, the amount would be based on the total number of Accused Products sold by Defendants multiplied by a rate to be determined through expert discovery, including "methods, methodologies, and economic theories."

Finally, to the extent evidence in discovery supports such recovery, Plaintiff will seek treble damages and its attorneys' fees for willful infringement of its Classic Ultra Mini Trade Dress under 15 U.S.C. § 1117(a) and enhanced damages for infringement of the '161 Patent as an exceptional case under 35 U.S.C. § 284, as well as punitive damages and its attorneys' fees under California common law. Discovery is ongoing and Deckers will supplement these responses accordingly as additional evidence is made available.

## INTERROGATORY NO. 19:

Provide all bases for Your allegation that this is an exceptional case within the meaning of 35 U.S.C. § 285 and that Plaintiff is entitled to recover its reasonable attorneys' fees.

## RESPONSE TO INTERROGATORY NO. 19

**PLAINTIFF'S RESPONSES TO DEFENDANT LAST BRAND, INC.'S INTERROGATORIES – SET ONE**

### PROOF OF SERVICE

I am employed in the county aforesaid; I am over the age of 18 years and not a party to the within action; my business address is 1334 Parkview Avenue, Suite 280, Manhattan Beach, California 90266. On March 7, 2024, I served the documents named below on the parties in this action as follows:

**Document(s) Served:** **PLAINTIFF DECKERS OUTDOOR CORPORATION'S OBJECTIONS AND RESPONSES TO DEFENDANT LAST BRAND, INC.'S REQUESTS FOR INTERROGATORIES - SET ONE (1)**

**Served Upon:** ZACHARY M. BRIERS (SBN 287984)
zachary.briers@mto.com
ADAM W. KWON (SBN 327932)
adam.kwon@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
**Attorney for Defendant Last Brand, Inc.**

**[X] (BY E-MAIL)** I caused a copy of the document(s) described herein to be to be transmitted via electronic mail to the recipients listed above to at the listed electronic mail address(es).

**[ ] (BY MAIL)** I placed such envelope on the above date, with postage fully prepaid, for deposit in the U.S. Postal Service at my place of business at Manhattan Beach, California, following the ordinary business practices of my place of business.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mail with the U.S. Postal Service.   Under that practice, such correspondence is deposited with the U.S. Postal Service the same day it is collected and processed in the ordinary course of business.

[X] **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 7, 2024, at Manhattan Beach, California.

_____
Kanani Gonzales
BLAKELY
Law Group

**PLAINTIFF'S RESPONSES TO DEFENDANT LAST BRAND, INC.'S INTERROGATORIES – SET ONE**