Xinlin Li Morrow (SBN 281707)
Ryan McMenamin (*pro hac vice*)
Lawrence Yichu Yuan (*pro hac vice*)
**Morrow Ni LLP**
xinlin@moni.law
lawrence@moni.law
ryan@moni.law
3333 Michelson Drive Suite 300
Irvine, CA 92612
Telephone:   (213) 282-8166

*Attorneys for Defendant Last Brand, Inc.*
*d/b/a Quince*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>LAST BRAND, INC. d/b/a QUINCE,<br><br>*Defendant*. | Case No. 23-cv-04850-AMO-LJC<br><br>Hon. Araceli Martínez-Olguín<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT ERICH JOACHIMSTHALER**<br><br>[Filed concurrently with Declaration of Xinlin Morrow; and (Proposed) Order]<br><br>Date: July 3, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 10 |

# NOTICE OF MOTION AND MOTION

TO PLAINTIFF DECKERS OUTDOOR CORPORATION AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 3, 2025 at 2:00 p.m. or as soon thereafter as this matter may be heard, in Courtroom 10, of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Last Brand Inc. d/b/a/ Quince ("Defendant" or "Quince") shall and hereby does move the Court for an order, pursuant to Federal Rules of Evidence 702, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and Federal Rule of Civil Procedure 37(c)(1) to exclude certain testimony of Deckers Outdoor Corporation's ("Deckers" or "Plaintiff") proffered expert, Dr. Erich Joachimsthaler.

This motion is based on this notice of motion and supporting memorandum of points and authorities and the Declaration of Xinlin Li Morrow in Support of Defendant's Motion to Exclude Testimony of Dr. Erich Joachimsthaler; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

DATED: March 10, 2025

Xinlin Li Morrow (SBN 281707)
Ryan McMenamin (*pro hac vice*)
Lawrence Yichu Yuan (*pro hac vice*)
**Morrow Ni LLP**
xinlin@moni.law
lawrence@moni.law
ryan@moni.law
3333 Michelson Drive Suite 300
Irvine, CA 92612
Telephone:     (213) 282-8166

*Attorneys for Defendant Last Brand, Inc. d/b/a Quince*

## I. **INTRODUCTION**

Plaintiff's case hinges on the opinions of Dr. Erich Joachimsthaler, its proffered expert on branding and marketing. But Dr. Joachimsthaler's opinions are unreliable: they are speculative, lack support from a sound methodology, and are based on documents improperly withheld during fact discovery.

Dr. Joachimsthaler's conclusions rely on generalized branding principles rather than specific evidence tied to the facts of this case. During his deposition, he acknowledged that he could not demonstrate any measurable harm to Deckers caused by Quince's alleged infringement. Additionally, his use of legally significant terms like "consumer confusion" and "consumer association" without regard to their precise legal meaning under the Lanham Act risks misleading the jury.

These deficiencies render Dr. Joachimsthaler's improper opinions and testimony inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), Federal Rule of Evidence 702, and Federal Rule of Civil Procedure 37(c)(1).

## II. **FACTUAL BACKGROUND**

On October 6, 2024, Plaintiff retained Dr. Joachimsthaler to evaluate the strength of the UGG brand and any alleged harm caused by Quince's actions. His expert report, Morrow Decl. ¶ 2, Ex. 1[1], submitted on November 15, 2024, relies heavily on 25 internal documents—including brand strategy materials, marketing research, marketing and advertising materials, and financials (the "Deckers' Internal Documents")—that Plaintiff mostly failed to produce during fact discovery.

During Dr. Joachimsthaler's deposition, *see* Morrow Decl ¶ 3, Ex. 2, it became evident that Plaintiff's counsel provided these documents to him shortly after his retention in October 2024, but 18 of the 25 documents were not disclosed to Defendant until November 26, 2024—nearly

---

[1] Unless otherwise specified, all exhibits in this motion refer to exhibits attached to the concurrently-filed declaration of Xinlin Li Morrow.

two months after the close of fact discovery on September 27, 2024. *See* Morrow Decl., ¶ 3, Ex. 2 at 39:19-21. Despite Defendant's discovery requests covering these documents, Plaintiff failed to produce them during fact discovery, even though they are frequently referenced in Dr. Joachimsthaler's report. For example, the "UGG Brand Tracker" is referenced 85 times and the "UGG Brand Book" is cited 37 times. *See, e.g.,* Morrow Decl., ¶ 2, Ex. 1, ¶¶ 26 n.31, 32 n.42, 72 n.101. Dr. Joachimsthaler's deposition testimony further reinforced that Deckers knew or should have known he would request these documents, as it was his "customary process" to do so at the outset of an engagement. Ex. 2 at 22:5-25. He has also worked with Deckers on prior matters, during which he requested similar sets of documents. *Id.* at 23-1:25.

III. **LEGAL STANDARD**

Expert testimony must meet the reliability and relevance requirements of Federal Rule of Evidence 702 and *Daubert*. Rule 702 permits expert testimony only if:

> (a) The expert's specialized knowledge will assist the trier of fact; (b) The testimony is based on sufficient facts or data; (c) The testimony is the product of reliable principles and methods; and (d) The expert has reliably applied these principles and methods to the case facts.

Under *Daubert*, the trial court acts as a gatekeeper to ensure that expert testimony rests on a reliable foundation and is relevant to the case. *Daubert*, 509 U.S. at 589; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). The court must exclude testimony that lacks "a reliable basis in the knowledge and experience of the relevant discipline." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014).

Rule 26 requires parties to disclose relevant documents without awaiting a discovery request. It also requires expert witnesses to disclose "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). Rule 26(e) imposes an on-going duty to supplement initial and expert disclosures. Rule 37(c)(1) enforces these requirements by excluding undisclosed information unless the failure to disclose was substantially justified or harmless. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

## IV. ARGUMENT

### A. Plaintiff's Failure to Disclose Key Documents Warrants Exclusion

Plaintiff's failure to produce most of the Deckers' Internal Documents during fact discovery is a clear violation of Rule 26(a)(1)(A)(ii), which requires parties to disclose relevant documents without awaiting a discovery request. These documents, which form the foundation of Dr. Joachimsthaler's report, were first disclosed well after the fact discovery deadline, depriving Quince of the opportunity to investigate or challenge their contents. Deckers neither produced these internal marketing and trend research documents during fact discovery nor described them in its initial disclosures. These documents are also responsive to Quince's RFP No. 62. Morrow Decl. ¶ 5, Ex. 3 at 2-3. Under Rule 37(c)(1), sanctions for failure to disclose under Rule 26(a) are "automatic" and "self-executing." As Judge Spero noted in *United States v. North East Medical Services*, exclusion is warranted where documents are provided to an expert by counsel but withheld from the opposing party during fact discovery. No. 10-CV-01904-CW (JCS), 2014 WL 7208627, at *1 (N.D. Cal. Dec. 17, 2014).

Defendant respectfully requests that the Court preclude Plaintiff and Dr. Joachimsthaler from relying on the undisclosed Deckers 'Internal Documents under Rule 37(c)(1). *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 678 (N.D. Cal. 2015) (precluding use of late-produced evidence under Rule 37(c)(1)).

### B. Dr. Joachimsthaler's Methodology Is Unreliable and Speculative

Dr. Joachimsthaler's analysis fails to meet the reliability standards of Rule 702 and *Daubert*. His opinions are based on generalized branding principles rather than empirical data, and he admitted during deposition that:

- *He relied solely on Deckers'* ▓▓▓▓▓, Ex. 2 at 37:2-15 (admitting "▓▓▓▓▓
- *He did not analyze* ▓▓▓▓▓, *despite referencing it nine times in his report*, Ex. 2 at 36:10-21; 114:19-25 ("▓▓▓▓▓");

- *He did not* ████████████, Ex. 2 at 38:15-18 (██████████);
- *Does not have an opinion in this case whether* ██████████ *and has not specifically analyzed* ██████████, *see, e.g.,* Ex. 2 at 65:2-17 ("██████████").

Notwithstanding that Dr. Joachimsthaler was tasked with providing an opinion on the harm to the UGG brand caused by Quince's alleged conduct, Dr. Joachimsthaler repeatedly stated during his deposition that it was "██████████. *See, e.g.,* Ex. 2 at 89:22-25; 90:1-4 ("██████████"); 90:8-12 ("██████████"); 92:7-13 (". . . . ██████████"); 93:4-5 ("██████████").

Dr. Joachimsthaler's analysis exemplifies the type of "unjustifiable extrapolation" deemed insufficiently reliable under Rule 702. *See* Advisory Committee Notes, Fed. R. Evid. 702. "Courts are particularly wary of unfounded expert opinion when causation is the issue." *In re Agent Orange Prod. Liab. Litig.*, 611 F. Supp. 1223, 1249 (E.D.N.Y. 1985). Although he opines that Quince's alleged conduct "██████████," Ex. 1 ¶ 13(d), Dr. Joachimsthaler never reviewed ██████████. Ex. 2 at 37:2-15; 38:15-18. His assertion that ██████████—is unsupported. Ex. 1 ¶13(d). Notably, he admits that he did not research and does not have an opinion on how, in a post-sale context (Deckers does not claim point-of-sale confusion in this case), ██████████

1  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 2, 35:7-18. He also admits he never analyzed
3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 2 at 65:2-17. This analytical gap renders his testimony inadmissible. *In re Live Concert Antitrust Litig.*, 863 F. Supp. 2d 966, 973 (C.D. Cal. 2012). Courts have consistently excluded expert testimony for similar deficiencies. *See, e.g., Royce Corp. v. Heros, Inc.*, No. CIV.A. 307-CV-0739-D, 2010 WL 184313 at *6 (N.D. Tex. Jan. 14, 2010) ("Testimony is irrelevant . . . when an expert offers a conclusion based on assumptions unsupported by the facts of the case."); *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 764 (3d Cir. 1994) (affirming district court's exclusion of expert opinion on causation because expert offered only a "hypothesis which he had yet to attempt to verify or disprove by subjecting it to the rigors of scientific testing.").

### C. Dr. Joachimsthaler's Misuse of Legal Terms Risks Misleading the Jury

Dr. Joachimsthaler's interchangeable use of "consumer confusion" and "harm to the brand" is likely to mislead the jury as it evaluates the "likelihood of confusion" under the Lanham Act in the trade dress context. *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 616 (9th Cir. 1989). In his report, Dr. Joachimsthaler conflates these concepts. *See, e.g.,* Ex. 1 at ¶¶12, 162-63. Dr. Joachimsthaler's report contains no analysis relevant to the Lanham Act liability standard. His misuse of legal terms risks creating confusion for the jury, particularly given his history of similar errors. In a prior case, a federal court issued a limiting instruction regarding Dr. Joachimsthaler's testimony. *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 365 (S.D.N.Y. 2014). ("The Court will instruct the jury that Joachimsthaler's testimony is relevant solely to damages, and expects counsel to adhere to this limitation."). This Court should similarly preclude Dr. Joachimsthaler from testifying about the "likelihood of confusion" to avoid misleading the jury.

### V. **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court exclude the expert opinions and testimony of Dr. Joachimsthaler under *Daubert*, Rule 702, and Rule 37(c)(1).

| | | |
|---|---|---|
| 1 | DATED: March 10, 2025 | */s/ Xinlin Li Morrow* |

Xinlin Li Morrow (SBN 281707)
Ryan McMenamin (*pro hac vice*)
Lawrence Yichu Yuan (*pro hac vice*)
**Morrow Ni LLP**
xinlin@moni.law
ryan@moni.law
lawrence@moni.law
3333 Michelson Drive Suite 300
Irvine, CA 92612
Telephone:     (213) 282-8166

*Attorneys for Defendant Last Brand, Inc. d/b/a Quince*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2025 a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

*/s/ Ryan McMenamin*
Ryan McMenamin

Page | 9
DEFENDANT'S NOTICE AND MOTION TO EXCLUDE PLAINTIFF'S EXPERT ERICH JOACHIMSTHALER