1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Jamie Fountain (SBN 316567)
   jfountain@blakelylawgroup.com
3  Iain Hill (SBN 336825)
   ihill@blakelylawgroup.com
4  BLAKELY LAW GROUP
   1108 Manhattan Avenue, Suite B
5  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
6  Facsimile: (310) 546-7401

7  **Attorneys for Plaintiff**
   **Deckers Outdoor Corporation**
8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13  DECKERS OUTDOOR CORPORATION, a    ) Case No.: 3:23-cv-04850-AMO
    Delaware Corporation,              )
14                                     )
                    Plaintiff,         ) **PLAINTIFF'S ADMINISTRATIVE**
15           v.                        ) **MOTION TO FILE UNDER SEAL**
                                       )
16  LAST BRAND, INC. dba QUINCE, a Delaware )
    Corporation; and DOES 1-10, inclusive,  )
17                  Defendants.        )     Hon. Araceli Martínez-Olguín
                                       )
18                                     )
                                       )
19                                     )
                                       )
20                                     )
                                       )
21                                     )

22

23

24

25

26

27

28

Pursuant to Local Rule 79-5.1, Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") hereby submits its request to file under seal the following documents that Plaintiff plans to include in support of its reply in support of motion for summary judgment [ECF No. 179]:

1. Unredacted Reply in Support of Motion for Summary Judgment [ECF No. 179] attached hereto as **Exhibit 1**.

While the above identified document has not been subject to a Motin to File Under Seal, the contents of the Reply that Plaintiff is seeking to file under seal were subject to Plaintiff's Administrative Motion to File Under Seal dated March 10, 2025 (ECF 135).

Filings under seal ensure full disclosure of relevant information while protecting the parties' interests that confidential and proprietary business information will not be publicly disclosed. *See, e.g., Johnson Controls, Inc. v. Phoenix Control Sys.*, 886 F.2d 1173, 1776 (9th Cir. 1989); *Henry Hope X-Ray Prods. Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1343 (9th Cir. 1982); *In re Adobe Sys., Inc.,* 141 F.R.D. 155, 161-62 (N.D. Cal. 1992). When a party seeks to file portions of a dispositive motion under seal, "compelling reasons" must be shown in order to seal such records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Documents are properly filed under seal where disclosure would harm a party by forcing it to disclose trade secrets or other valuable confidential proprietary business information. *See, e.g., Apple, Inc. v. Samsung Elecs. Co*., 727 F.3d 1214, 1221 (Fed. Cir. 2013) ("One factor that weights in favor of sealing documents is when the release of the documents will cause competitive harm to a business."); *In re Elec. Arts, Inc*., 298 F. App'x 568, 569-70 (9th Cir. 2008); *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978) ("[T]he common- law right of inspection has bowed before the power of a court to ensure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing.") (quotation marks omitted); *Bauer Bros. LLC v. Nike, Inc*., 2012 WL 1899838, at *4 (S.D. Cal. May 24, 2012) (granting motion to seal non-public financial data); *Davis v. Soc. Serv. Coordinators, Inc*., 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (noting that "[g]ood cause to seal is generally found where the disclosure of proprietary information could cause a party competitive injury")(internal citations omitted).

1    Deckers requests that the documents containing discussions of advertising and marketing

2    expenditures for the UGG® brand, sales revenues with respect to three UGG® products at issue,

3    Deckers' design process, and Deckers' brand strategy for the UGG® Brand, including the parties'

4    expert reports, supporting documents produced in discovery, and portions of the Motion for Summary

5    Judgment, and Declaration of Lisa Bereda In Support of Plaintiff's Motion for Summary Judgment,

6    all of which contain and/or reference information from these documents be filed under seal pursuant

7    to L.R. 79-5.

8    Compelling reasons exist for granting this Motion where the referenced documents contain

9    confidential business material, the public filing of which could result in improper use by business

10   competitors. *See* Declaration of Lisa Bereda ("Bereda Dec."), ¶¶ 3-5. Documents that contain sales

11   data could result in improper use by business competitors seeking to replicate Deckers' business

12   practices and circumvent the time and resources necessary in developing their own practices and

13   strategies. Bereda Dec., ¶ 3-5. The documents containing revenues of various UGG® products are

14   detailed spreadsheets setting forth the revenues earned and the number of units sold for all styles

15   embodying the Trade Dress and/or Patents-In Suit. Bereda Dec., ¶ 3-5. Likewise, documents

16   containing advertising and marketing spend and strategy for the UGG® brand contain a breakdown

17   of money spent on promoting and advertising the brand including products covered by the Trade

18   Dress and/or Patent-In Suit, and information related to Decker's business strategy regarding design,

19   branding, and promotion of products. Bereda Dec., ¶ ¶ 3-5. All of this information, sales, marketing,

20   and brand strategy are highly sensitive and could undermine Deckers' competitive market strategy if

21   disclosed.  Bereda Dec., ¶ 5-7. Because these documents are not publicly available, public

22   dissemination of such proprietary information could materially affect Deckers' ability to increase its

23   competitive advantages and differentiate itself from competitors. Bereda Dec., ¶ 5-7.

24   Moreover, the aforementioned documents are not generally disseminated within Deckers and

25   only employees who require access to this information to perform their duties are given access to

26   same. Bereda Dec., ¶ 6. Furthermore, those at Deckers who have access to this information are under

27   a strict contractual and ethical obligation to maintain their confidentiality. Bereda Dec., ¶ 6.

28

The above-referenced documents contain sensitive product-specific financial information, and if this information were made publicly available, competitors of Deckers may use it to copy Deckers' business practices rather than spending the time and resources to develop their own. *See Algarin v. Maybelline, LLC*, 2014 U.S. Dist. LEXIS 23882, *10 (S.D. Cal. Feb. 21, 2014) (where the plaintiff wanted to file under seal documents including sales and advertising data and the court determined that revealing such information to the public "could result in improper use by business competitors seeking to replicate [the plaintiff's] business practices and circumvent the time and resources necessary in developing their own practices and strategies."). Such a situation would harm Deckers' competitive standing, and therefore, this information should be sealed. *Apple v. Samsung*, 727 F.3d at 1226, 1228 (where Federal Circuit concluded that under Ninth Circuit law, detailed product-specific financial information are appropriately sealable under the "compelling reasons" standard where such information could be used to the company's competitive disadvantage); *Arnaudov v. Cal. Delta Mech., In*c., 2015 U.S. Dist. LEXIS 45495, *6 (N.D. Cal. Apr. 7, 2015) ("'[S]ources of business information that might harm a litigant's competitive standing' may also give rise to a compelling reason to seal.") (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)); *see also Delfino Green & Green v. Workers Comp. Solutions, LLC*, 2015 U.S. Dist. LEXIS 90774, *4 (N.D. Cal. July 13, 2015) (where court applied the "compelling reasons" standard to a request to seal portions of a complaint and an answer, and determined references to a confidential settlement agreement, a confidential financial agreement, and confidential financial information were all "sealable information") (citing *Transperfect Global, Inc. v. MotionPoint Corp.*, No. 10-cv-02590-CW, 2014 U.S. Dist. LEXIS 135891 (N.D. Cal. Sept. 25, 2014) (granting motion to seal documents containing confidential financial information).

DATED:    April 7, 2025              BLAKELY LAW GROUP


                                     By:    /s/ Jamie Fountain
                                            Brent H. Blakely
                                            Jamie Fountain
                                            **Attorneys for Plaintiff**
                                            **Deckers Outdoor Corporation**

**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**