UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAST BRAND, INC. dba QUINCE, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | ) CASE NO. 3:23-cv-04850-AMO<br>)<br>)<br>) **[PROPOSED] ORDER RE**<br>) **PLAINTIFF'S EVIDENTIARY**<br>) **OBJECTIONS TO DEFENDANTS'**<br>) **EVIDENCE IN SUPPORT OF**<br>) **DEFENDANT'S REPLY RE MOTION**<br>) **FOR SUMMARY JUDGMENT [ECF**<br>) **182]**<br>)<br>) Hearing<br>)<br>) Date:          June 12, 2025<br>) Time:          2:00 PM (PT)<br>)<br>) Complaint Filed:     06/12/2023<br>) Motion Filing Cut-Off:   03/10/2025<br>) Pre-Trial Conference:   08/14/2025<br>) Trial Date:       09/15/2025<br>)<br>) Hon. Araceli Martínez-Olguín<br>)<br>)<br>)<br>) |

Having considered Plaintiff Deckers' Evidentiary Objections to Defendants' Opposition to Plaintiff's Motion for Summary Judgment, the Court hereby ORDERS the following evidence is excluded for the reasons stated:

**Declaration of Xinlin Li Morrow [ECF 182-1]**

| Evidence Excluded | Reason |
|---|---|
| Morrow Dec., Paragraph 5, Ex. 4 (Printout of UGG® Neumel Platform on ugg.com) | This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply. "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi*, *Inc*., 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") |

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

*United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible. Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

| | |
|---|---|
| | screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co*., 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 6, Ex. 5 (Printout of UGG® Cityfunc Ultra Mini on ugg.com) | This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply. "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi*, *Inc*., 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted |

with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc*., 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz.

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible. Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

| | |
|---|---|
| | corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 7, Ex. 6 (Printout of UGG® Neumel Platform Zip Suede on ugg.com) | <u>This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply.</u> "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary |

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v.*

*Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible. Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig*., 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone

| | |
|---|---|
| | are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 8, Ex. 7 (Printout of UGG® Neumel on ugg.com) | This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply. "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi*, *Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, |

12

2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-

moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at \*4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at \*2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a).  Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from

someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.")

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

| Morrow Dec., Paragraph 9, Ex. 8 (Printout of UGG® Men's Hayden Moc on ugg.com) | This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply. "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi*, *Inc*., 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to |

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the

| | |
|---|---|
| | United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 10, Ex. 9 (Printout of UGG® Campfire Crafted Regenerate on ugg.com) | This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply. "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi*, *Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) |

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc*., 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No.

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's

| | |
|---|---|
| | web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 11, Ex. 10 (Affidavit of Todd Price, Chief | <u>Failure to Disclose FRCP 26 & 37.</u> Defendant has at least had this Affidavit since at least January 31, 2025, but failed to disclose it until the deadline to submit a |

| | |
|---|---|
| Technology Officer at Page Vault, Inc.) | reply brief. Defendant cannot blindside Plaintiff with this evidence now upon Reply. |
| Morrow Dec., Paragraph 12, Ex. 11 (Trademark/Service Mark Application No. 87310138) | This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply. "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi*, *Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") |

This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

*United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible

| | |
|---|---|
| | hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 13, Ex. 12 (Trademark/Service Mark Application No. 86601266) | This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply. "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi*, *Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, |

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file

evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from

someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.")

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

| Morrow Dec., Paragraph 14, Ex. 13 (Capture of Ugg Since 1974 with Reviews) | <u>This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply.</u> "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi*, *Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to |

include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

| | |
|---|---|
| | United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 15, Ex. 14 (Capture of L.L. Bean with Reviews) | This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply. "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi*, *Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) |

("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No.

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

| | |
|---|---|
| | web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 16, Ex. 15 (Capture of Cushionaire with Reviews) | <u>This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply.</u> "The district court need not consider arguments raised for the first time in a reply |

brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi*, *Inc*., 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter

asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible. Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung*

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

| | |
|---|---|
| | *Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at \*38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 17, Ex. 16 (Capture of Bearpaw with Reviews) | This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply. "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is |

well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.")

This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

| | |
|---|---|
| | and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 \*\*6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at \*38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 18, Ex. 17 (Capture of Eddie Bauer with Reviews) | This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply. "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an |

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc*., 2014 U.S. Dist.

LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or

printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent

| | |
|---|---|
| | corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 19, Ex. 18 (Capture of EMU Australia with Reviews) | <u>This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply.</u> "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi*, *Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary |

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v.*

*Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

| | |
|---|---|
| | depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 20, Ex. 19 (Capture of Bearpaw with Reviews) | <u>This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply.</u> "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of |

new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc*., 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769,

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

| | |
|---|---|
| | 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 21, Ex. 20 (Capture of Halflinger with Reviews) | This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply. "The district court need not |

consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi*, *Inc*., 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.")

This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been

presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-

court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible. Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

| | |
|---|---|
| | correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at \*38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| Morrow Dec., Paragraph 22, Ex. 21 (Capture of Simple with Reviews) | <u>This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply.</u> "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); G*iles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. |

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**

2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. In support of its Motion for Summary Judgment, Defendant included twenty-one exhibits as evidence in support. Now in it's Reply it seeks to include an additional twenty-one more exhibits in support of its Motion for Summary Judgment. There's no reason why this evidence could not have been presented in its moving papers. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4, 2014 WL 880408 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *Meinnert v. Holley*, No. 320CV00255RCJCSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022).

Relevance FRE 401, 403; Foundation FRE 602; Speculation. No declaration signed under penalty of perjury is submitted in connection with the screenshot

that lays a foundation for the documents contained therein, and thus said documents cannot be considered on summary judgment. Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at \*2 (E.D. Cal. Feb. 25, 2008).

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a). Defendant has failed to authenticate any of internet screenshots and/or printouts and they are therefore inadmissible. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts). Defendants have not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

the various websites to lay foundation for the printouts and/or screenshots. Content on the printouts and/or screenshots is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the product depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States at or before a certain time. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.")

**IT IS SO ORDERED.**

DATED:_____          _____
                              **Hon. Araceli Martínez-Olguín**
                              United States District Court Judge

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

**[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS**