UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DECKERS OUTDOOR CORPORATION,

Plaintiff,

v.

LAST BRAND, INC.,

Defendant.

Case No. 23-cv-04850-AMO

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR VOLUNTARY PARTIAL DISMISSAL**

Re: Dkt. No. 257

This is a trademark and patent infringement case about shearling boots. Before the Court is Plaintiff Deckers Outdoor Corporation's motion for voluntary dismissal of its Bailey Button trade dress claim (claim two) and attendant state law claims (claims four through six) to the extent they are predicated on Deckers' Bailey Button trade dress. The motion is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for May 14, 2026, is VACATED. *See* Civil L.R. 7-6; Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court rules as follows.

I.      LEGAL STANDARD

"Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l, B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). When a plaintiff moves for voluntary dismissal, the court may impose fees and costs as a condition of dismissal, but only for

United States District Court
Northern District of California

work "not useful in continuing litigation between the parties." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1286-87 (9th Cir. 2023) (quoting *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)). In determining whether to award fees and costs, courts consider the following: (1) any excessive or duplicative expense of a second litigation; (2) the effort and expense incurred by defendant preparing for trial; (3) the extent to which the litigation has progressed; (4) the plaintiff's diligence in moving to dismiss; (5) whether awarding costs would discourage early dismissal; and (6) whether fees would produce an anomalous result. *DuFour v. Allen*, No. 2:14–cv–05616–CAS–SS, 2015 WL 1285310, at *4 (C.D. Cal. Mar. 19, 2015); *Gonzalez v. Procter & Gamble Co.*, No. 06cv869 WQH (WMC), 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008).

## II.    DISCUSSION

Deckers moves the Court to dismiss its Bailey Button trade dress claim (claim two) and attendant state law claims (claims four through six) to the extent they are predicated on Deckers' Bailey Button trade dress. Dkt. No. 257 at 2. Deckers requests that the dismissal be without prejudice and that the Court decline to award costs to Defendant Last Brand, Inc. *Id.* at 7-8. In response, Last Brand asks the Court to dismiss the claims with fees and costs and with prejudice. Dkt. No. 269 at 5-7. Hedging its bets, Deckers indicated that if the Court is inclined to grant fees and costs to Last Brand, Deckers alternatively requests that the Court grant the dismissal with prejudice, and without fees or costs. Dkt. No. 270 at 6.

Here, the Court finds that voluntary dismissal of the claims warrants fees and costs. The first and second *DuFour* factors, *DuFour*, 2015 WL 1285310, at *4, are satisfied, as Last Brand has incurred expenses in preparing to defend against Deckers' trade dress claims for trial. *See* Dkt. No. 269 at 5. If the Court dismisses Deckers' Bailey Button trade dress claim, the parties agree all trade dress causes of action fall away and only the patent infringement claim remains. *See generally* Dkt. Nos. 257, 269. In preparing for trial, Quince developed defenses on secondary meaning, likelihood of confusion, functionality, and trade dress damages – none of which are elements of or defenses to the patent infringement claim. Dkt. No. 269 at 5. Thus, that work is "not useful in continuing litigation between the parties." *Kamal*, 88 F.4th at 1286-87 (quotation omitted). Further, the third and fourth *DuFour* factors are satisfied as the litigation is at a late

2

United States District Court
Northern District of California

stage, as trial is less than two months away, and Deckers was not diligent in moving to dismiss its trade dress claims. *DuFour*, 2015 WL 1285310, at *4. Deckers moves to dismiss because "the potential damages attributable to the Bailey Button Boot Trade Dress are disproportionately low compared to the incremental time, expense, and resources required to present four additional claims at trial." Dkt. No. 257 at 4. But Deckers had all the accused products' sales and profits data by the close of fact discovery on September 27, 2024, and its damages expert issued his opening report on November 15, 2024. Dkt. No. 257 at 6. Further, the Court issued its summary judgment order, which dismissed all other trade dress claims, on October 2, 2025. Dkt. No. 203. Thus, Deckers could have determined that the costs of trying its Bailey Button Boot trade dress claims outweighed the potential recovery at that time. As to the fifth factor, awarding costs does not discourage early dismissal because, had Deckers moved to dismiss these claims earlier in the litigation, the Court may not have awarded costs and fees. *Gonzalez*, 2008 WL 612746, at *4 ("Awarding fees and costs would not discourage plaintiffs from seeking early dismissal in other actions because the Motion for Voluntary Dismissal was not filed at an early stage of the proceedings"). Finally, awarding costs and fees would not produce an "anomalous" result because the Lanham Act allows for fee-shifting in "exceptional cases." *See id.* ("[T]he imposition of attorneys' fees would produce an 'anomalous result' where defendants could not recover fees if they prevailed at trial."); 15 U.S.C. § 1117(a). For these reasons, the Court finds it proper to award fees and costs to Last Brand.

The Court next takes up Deckers' alternative request that the dismissal be with prejudice, and without fees or costs. Dkt. No. 270 at 6 (citing *Gonzalez v. Procter & Gamble Co.*, No. 06-cv-869, 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008) (recognizing that a plaintiff "faced with the imposition of attorneys' fees and costs as a condition of voluntary dismissal may request that the action be dismissed with prejudice to avoid payment")). Last Brand agrees that Deckers is allowed to "make that election." Dkt. No. 269 at 8. Because Deckers consents to dismissal with prejudice in place of the imposition of fees and costs, the Court GRANTS the motion and DISMISSES WITH PREJUDICE claim two and claims four through six to the extent they rely on Deckers' Bailey Button Boot trade dress. *See Gonzalez*, 2008 WL 612746, at *3. The Court will

3

not award fees and costs to Last Brand. *See Larsen v. King Arthur Flour Co.,* No. C 11–05495 CRB, 2012 WL 2590386, at *1 (N.D.Cal. July 3, 2012) ("Attorneys' fees and costs will not be imposed as a condition for voluntary dismissal with prejudice because there is no risk of future litigation.").

In its opposition brief, Last Brand additionally requests that the Court award it fees and costs under the Lanham Act because Last Brand is the prevailing party and this is an "exceptional case[.]" Dkt. No. 269 at 8 (quoting 15 U.S.C. § 1117(a)). Last Brand provides no authority to suggest this request is properly made in opposition to Deckers' motion for voluntary dismissal. Accordingly, the Court declines Last Brand's invitation to award fees under the Lanham Act at this procedural stage.

### III.    CONCLUSION

For the foregoing reasons, the Court GRANTS the motion and DISMISSES WITH PREJUDICE claim two and claims four through six to the extent they rely on Deckers' Bailey Button Boot trade dress. The parties agree that the only claim remaining for trial is claim 7 for patent infringement. Because the parties' pretrial submissions contain extensive discussion of claims two and claims four through six, no later than May 4, 2026, the parties SHALL FILE amended versions of the pretrial submissions filed on March 20, 2026, to remove what is mooted by the dismissal of these claims. Two paper courtesy copies of the above documents SHALL be delivered to the Court by NOON the day after filing. The Joint Proposed Final Pretrial Order, jury instructions, and verdict form SHALL also be submitted as Word versions via e-mail as separate attachments to AMOpo@cand.uscourts.gov. The Court requests that all hard-copy submissions be three-hole-punched, double-sided, and in a binder with tabs indicating the name of the document and corresponding docket number. For the avoidance of doubt, the parties SHALL NOT amend or refile their motions in limine.

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

The Court CONTINUES the pretrial conference and the hearing on the parties' motions in limine to May 27, 2026, at 11:00 a.m., at the Ronald V. Dellums Courthouse in Oakland, California, Courtroom 5.

**IT IS SO ORDERED.**

Dated: April 24, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**