UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LAST BRAND, INC.,<br><br>Defendant. | Case No. 23-cv-04850-AMO<br><br>**ORDER RE PENDING PRETRIAL MOTIONS**<br><br>Re: Dkt. Nos. 271, 272 |

Before the Court is (1) Defendant Last Brand, Inc.'s ("Quince") motion to quash the trial subpoena issued to Siddhartha Gupta and (2) Plaintiff Deckers Outdoor Corporation's ("Deckers") motion to enforce the Court's scheduling order and exclude Defendant's untimely production. The matters are fully briefed and suitable for decision without oral argument. Accordingly, the hearings set for May 27, 2026, are VACATED. *See* Civil L.R. 7-6; Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court rules as follows.

## I. Quince's Motion to Quash

Quince moves to quash Deckers's trial subpoena of Quince's chief executive officer and cofounder, Siddhartha Gupta. Dkt. No. 271. Quince seeks to quash the subpoena under the "apex" doctrine, Federal Rule of Civil Procedure 45, and Federal Rule of Evidence 403. *Id.* Quince argues that Gupta should be spared from testifying at trial because (1) he "lacks unique knowledge," (2) the information he would testify to is "available from less burdensome sources," and (3) the probative value of his testimony is outweighed by "the risk of unfair prejudice and jury confusion." *Id.* at 3. The Court is not persuaded by Quince's arguments.

Quince itself designated Gupta as a Rule 30(b)(6) representative. *See* Dkt. No. 283 at 7;

Dkt. No. 69 at 1, 3-4.  Gupta thereafter testified in a Rule 30(b)(6) capacity regarding, among other things, Quince's sourcing process, vendor relationships, competitive analysis, and the design, procurement, and sale of the accused products.  *Id.*  And after the Court ordered Quince to produce additional Rule 30(b)(6) testimony on financial topics and prior accusations of intellectual property infringement, Quince again produced Gupta as its corporate designee.  Dkt. No. 84 at 4-7.  Deckers additionally deposed Gupta in his individual capacity, drawing no objection from Quince.  Dkt. No. 295 at 9.  Because Gupta has already participated in the case extensively, the Court is unpersuaded that there are now additional, less burdensome witnesses who can testify to the material Gupta offered during his Rule 30(b)(6) depositions.  *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB (LJC), 2025 WL 896412 (N.D. Cal. Mar. 24, 2025) ("The Court further notes that an overemphasis on *unique* knowledge [in the apex witness context] is inconsistent with otherwise common approaches to discovery and trial advocacy, where corroborating evidence and testing credibility through the testimony of more than one witness is often appropriate.").  Accordingly, the Court does not find the apex doctrine to apply to shield Gupta from continuing to serve as a witness in this matter and testifying at trial.

Neither has Quince established that Gupta should be spared from testifying under Rule 45.  Under Federal Rule 45, a court must quash or modify a subpoena that "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).  As the Court described above, Gupta's testimony is relevant to this action, and Deckers estimates his testimony will last one hour.  Dkt. No. 271 at 10.  Quince provides no case law for the proposition that requiring a relevant witness, even a CEO, to testify for one hour during trial imposes undue burden on said witness.  *See generally* Dkt. Nos. 271, 295.  In fact, "when an apex witness has personal knowledge of facts relevant to the lawsuit — even if that witness is a corporate president or CEO" they are subject to depositions and testifying at trial.  *See Opperman v. Path, Inc.*, 2015 WL 5852962 (N.D. Cal. 2015).

Finally, Quince argues that the subpoena should be quashed under Rule 403.  Rule 403 permits exclusion only where the probative value of evidence is "substantially outweighed" by enumerated dangers.  Fed. R. Evid. 403.  Quince cites no cases that persuade the Court that Deckers's trial subpoena should be quashed because Gupta's testimony is inadmissible pursuant to

United States District Court
Northern District of California

Rule 403, as the asserted dangers do not substantially outweigh the probative value of his testimony. *See generally* Dkt. Nos. 271, 295.

For the foregoing reasons, the Court DENIES Quince's motion to quash the trial subpoena of Siddhartha Gupta.

## II.    Deckers's Motion to Exclude Quince's Untimely Production

Deckers moves to exclude thirteen apostille packets which Quince purports authenticate Chinese patents Quince owns because Quince did not produce the apostille packets until after fact and expert discovery ended in this case. Dkt. No. 272 at 3. Deckers argues the apostille packets must be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1), which provides, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." But "evidence preclusion [under Rule 37(c)(1)] is . . . a harsh sanction, and [e]xclusion . . . [is] not a foregone conclusion [even] if substantial justification or harmlessness have not been established[.]" *United States v. ManPow, LLC*, No. 2:21-CV-05418-VAP-ADSX, 2023 WL 9003008 (C.D. Cal. Nov. 22, 2023) (internal citations and quotation omitted). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, the Court finds that Quince's late production of the apostilles is justified. Quince produced the underlying Chinese patents during fact discovery. Dkt. No. 285 at 3-4. Once Quince was aware that Deckers intended to contest whether the patents were properly authenticated, Quince promptly engaged Chinese counsel to obtain the apostille packets and moot the evidentiary objection.[1] Dkt. No. 285 at 4. Further, Quince produced the apostille packets to Deckers the same day that Quince received them. *Id.* The Court finds that Quince acted diligently

---

[1] The Court is not persuaded by Deckers's assertion that one generic reference in an expert report to potential authentication issues sufficed to put Quince on notice that Deckers would challenge whether the Chinese patents were properly authenticated. *See* Caroline De Baëre Rebuttal Report, Dkt. No. 231-1 at 17-18 ("these prior art references . . . may not have been authenticated in some or most cases. If the Asserted Prior Art references are unable to be authenticated, I am unable to confirm for my analysis . . .").

United States District Court
Northern District of California

to cure the potential authenticity issue and therefore its late production was justified. *See Entangled Media, LLC v. Dropbox Inc.*, 795 F. Supp. 3d 1191, 1224 (N.D. Cal. 2025) (denying defendant's motion to exclude untimely production of documents with metadata because "copies of these documents were disclosed . . . during fact discovery" and "[p]laintiff merely reproduced those documents with their metadata to address [] authenticity concerns" once plaintiff learned defendant intended to challenge authenticity).

Further, Deckers does not argue that the patents are inauthentic. *See* Dkt. No. 294 at 6-7. It solely argues that the authenticating documents should be excluded because they were produced outside of the discovery window. *Id.* But "[e]ven if a party fails to authenticate a document properly or to lay a proper foundation, the opposing party is not acting in good faith in raising such an objection if the party nevertheless knows that the document is authentic." *Fenje v. Feld*, 301 F. Supp. 2d 781, 789 (N.D. Ill. 2003), *aff'd*, 398 F.3d 620 (7th Cir. 2005). Because Deckers does not challenge the authenticity of the patents, the Court finds that it is not harmed by the late production of apostilles that do no more than authenticate the patents. *See Williams v. Connecticut Gen. Life, Ins. Co.*, No. CV 06-2747-PHX-RCB, 2009 WL 10707506, at *4 (D. Ariz. Aug. 19, 2009) ("[t]his harmless error 'exception to the authentication requirement is particularly warranted in cases such as this where the objecting party does not contest the authenticity of the evidence submitted but nevertheless makes an evidentiary objection based on purely procedural grounds.' "). For these reasons, the Court DENIES Deckers's motion to exclude the patent apostille packets.

**IT IS SO ORDERED.**

Dated: May 12, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**