UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, Plaintiff, v. LAST BRAND, INC., Defendant. | Case No.  23-cv-04850-AMO **ORDER RE REASONABLE ROYALTY AND WILLFUL INFRINGEMENT** Re: Dkt. No. 281 |

The Court held a pretrial conference in this matter on May 27, 2026.  At the conference, the Court discussed with the parties Defendant Last Brand, Inc.'s ("Quince") proposed jury instructions regarding the "reasonable royalty" theory of damages, including those related to willful infringement.  The parties acknowledge in their papers that Plaintiff Deckers Outdoor Corporation ("Deckers") may not seek to recover under the reasonable royalty theory, having abandoned such damages in the course of discovery.  *See* Dkt. No. 68.  Quince seeks to preserve for itself, however, the opportunity to present a reasonable royalty theory as an alternative damages calculation.  *See, e.g.*, Dkt. No. 291 at 25-26; Dkt. No. 286 at 6-7.  The Court now clarifies the admissibility of Quince's proposed reasonable royalty theory to inform the parties' final trial preparations.

A design patent owner may elect between seeking a damages award under Title 35 U.S.C. § 284 or § 289.  *See Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291 (Fed. Cir. 2002).  Given that Deckers may not seek damages under Section 284 – both theories of exceptional damages, reasonable royalty and lost profits have been eliminated from the case – the parties agree that Deckers may only seek to recover a damages award under Section 289.  *See* Dkt. No. 286 at 6 (joint proposed final pretrial conference order).  Accordingly, Quince's proposal to

introduce an alternative theory of damages under Section 284, beyond the theory of damages under Section 289 elected by Deckers, fails as a matter of law. The Court further finds that permitting Quince to present a theory of reasonable royalty damages after Quince's earlier, successful effort to preclude such a theory from the case would prove inequitable. Indeed, such a contradictory position by Quince implicates the doctrine of judicial estoppel by giving Quince an unfair advantage on the legal issue following judicial acceptance of Quince's earlier position that Deckers should not be permitted to present a reasonable royalty damages calculation. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (discussing doctrine of judicial estoppel).

For these reasons, the parties SHALL NOT present evidence or argument regarding the "reasonable royalty" theory of damages at trial. Similarly, because enhanced damages are only available under Section 284, *see Catalina Lighting*, 295 F.3d at 1290-91, and Section 284 damages are no longer available in this case, the parties SHALL NOT present evidence or argument related to willful infringement at trial. The jury instructions proffered by the parties related to the "reasonable royalty" theory of damages and willful infringement will not be presented to the jury.

**IT IS SO ORDERED.**

Dated: May 28, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

2