UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DECKERS OUTDOOR CORPORATION,

Plaintiff,

v.

LAST BRAND, INC.,

Defendant.

Case No. 23-cv-04850-AMO

**ORDER RE PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED OPENING STATEMENT DEMONSTRATIVE**

Before the Court are Plaintiff Deckers Outdoor Corporation's ("Deckers") objections to a demonstrative that Defendant Last Brand, Inc. ("Last Brand") prepared to use during its opening statement at trial.[1]  During a status conference this morning, the Court directed the parties to meet and confer, and to email any objections and their respective positions to the Court.  The Court has made the statement it received from Deckers and the exhibits that capture both parties' positions part of the record.  Dkt. Nos. 321, 322, 323.

An opening statement is confined to facts counsel intends, or in good faith expects, to prove; it may not be used to place before the jury matters which counsel knows will not be admitted.  *Leonard v. United States*, 277 F.2d 834, 841 (9th Cir. 1960).  Though Deckers proffers this standard, it rests many of its objections on the ground that images proposed by Last Brand are not yet admitted into evidence and seemingly ignores the good faith standard.  To the extent Deckers's objections rest on the ground that certain images have not yet been admitted into evidence, the Court finds that Last Brand has a good faith basis to believe these images will be

United States District Court
Northern District of California

---

[1] The Court is also in receipt of Quince's objection to one of Deckers's demonstratives.  The Court will take this up with the parties prior to trial at 8:30 a.m. before jury selection on June 10, 2026.

admitted and OVERRULES Deckers's objections that rest solely on that basis.[2]

Deckers further objects to Last Brand's proposed slides 7, 24, and 25-26, arguing that Last Brand's indefiniteness defense is a question of law for the Court, not a question of fact for the jury. As the Court previously held at the pretrial conference, Deckers waived this argument by failing to include any mention of it in the parties' joint proposed final pretrial conference order. *See* Dkt. No. 286. Moreover, even if Deckers had not waived this argument, Deckers loses on the merits. Deckers cites only one case in support of its proposition that indefiniteness is a question of law for the Court to decide. *See* Dkt. No. 321 at 2 (citing *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, (1996)). However, "[l]ike enablement, definiteness, too, is amenable to resolution by the jury where the issues are factual in nature." *BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003); *see also Bombardier Recreational Prods. Inc. v. Arctic Cat Inc.*, 785 F. App'x 858, 867 (Fed. Cir. 2019) ("[t]he question of definiteness thus required the resolution of critical factual issues and was properly before the jury."). Deckers has not countered Quince's contention that there are factual determinations that are properly put before a jury. Thus, the Court has no basis to conclude otherwise. Accordingly, the issue of indefiniteness is properly before the jury and the Court OVERRULES Deckers's objection to these slides.

Deckers objects to slides 10 and 13 as hearsay. The Court agrees with Quince that these statements fall under Federal Rule of Evidence 803(6) and thus are not inadmissible hearsay. The Court OVERRULES these objections.

Deckers additionally contends that some of Last Brand's slides are improperly argumentative. Dkt. No. 321 at 2 (citing *Leonard*, 277 F.2d at 841). As to slides 9 and 17-23, the Court agrees that Quince's language is overly argumentative. Quince has agreed to amend the language with which Deckers takes issue. The Court finds Quince's amended language sufficient and thus OVERRULES Deckers's objections. As to slide 2, Quince SHALL excise the word "basic" from the slide's title. As to slides 25-26, 29, and 31-35, the Court agrees that Quince's overlays and altered figures are overly argumentative at this stage. Quince SHALL NOT use these

---

[2] The Court notes that Deckers withdrew its objections to the patents in slides 15 and 16. *See* Dkt. No. 305.

figures in its opening demonstrative.  Deckers also contends that the figures on slides 18-23 are overly argumentative.  The Court disagrees and OVERRULES these objections.

Lastly, as to slide 37, Deckers states that it has "[n]o objection to previewing the expert, subject to his testimony and to [Deckers's] pending objections to [Last Brand's] cost/deduction evidence."  Dkt. No. 323 at 3.  The Court already overruled Deckers's objections to Last Brand's cost/deduction evidence.  *See* Dkt. No. 308 (denying Deckers's motion in limine number 3).  The Court again OVERRULES Deckers's objection.

Finally, the Court notes that in several instances Deckers reasserts arguments already waived, withdrawn, or foreclosed.  If this is an oversight, counsel must do better; otherwise, counsel is cautioned to stop attempting to relitigate the Court's rulings.

**IT IS SO ORDERED.**

Dated: June 8, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

3