IT IS SO ORDERED

*Araceli Martínez-Olguín*

Judge Araceli Martínez-Olguín

Dated: June 25, 2026

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

|  |  |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LAST BRAND, INC. dba QUINCE, a Delaware Corporation, <br><br> Defendant. | Case No.: 4:23-cv-04850-AMO <br><br> **FINAL JUDGMENT** <br><br> Hon. Araceli Martínez-Olguín |

WHEREAS, on October 2, 2025, this Court entered an Order [ECF 203] (1) denying Plaintiff Deckers Outdoor Corporation's ("Deckers") motion for summary judgment on trade dress infringement in its entirety; (2) granting summary judgment in favor of Defendant Last Brand, Inc. d/b/a Quince ("Quince") on Deckers' Lanham Act and state-law trade dress infringement and unfair competition claims premised on the Asserted Classic Ultra Mini Trade Dress and the Asserted Tasman Trade Dress, and on Deckers' lost profits theory of damages for its patent infringement claim, and (3) denying Quince's motion for summary judgment on the invalidity of U.S. Patent No. D927,161 (the "'161 Patent");

WHEREAS, on April 24, 2026, this Court entered an Order granting in part Deckers' motion for voluntary partial dismissal and dismissing with prejudice Deckers' claim for Lanham Act trade

1

**FINAL JUDGMENT**

dress infringement of the Asserted Bailey Button Boot Trade Dress (Count 2) and Deckers' state-law trade dress infringement and unfair competition claims (Counts 4–6) to the extent predicated on the Asserted Bailey Button Boot Trade Dress;

WHEREAS, the sole remaining claim (Count 7 Patent Infringement – U.S. Pat. No. D927,161) of the Second Amended Complaint [ECF 34-1] was tried to a jury commencing on June 10, 2026;

WHEREAS, on June 15, 2026, the jury returned its verdict [ECF 361], finding that Defendant's Australian Shearling Mini Boot infringes the '161 Patent (Question 1) and finding the '161 Patent invalid (Question 2);

NOW THEREFORE, upon review and consideration of the full record in this case, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1.     Final judgment is entered in favor of Quince and against Deckers on all claims asserted in Deckers' Second Amended Complaint, except as to those claims dismissed with prejudice pursuant to the Court's April 24, 2026 Order, as set forth in paragraphs 3 and 4 below.

2.     In accordance with the Court's October 2, 2025 Order [ECF 203], final judgment is entered in favor of Quince on Deckers' Lanham Act trade dress infringement claims as to the Asserted Classic Ultra Mini Trade Dress (Count 1) and the Asserted Tasman Trade Dress (Count 3), and on Deckers' state-law trade dress infringement and unfair competition claims (Counts 4–6) to the extent premised on the Asserted Classic Ultra Mini Trade Dress and the Asserted Tasman Trade Dress.

3.     In accordance with the Court's April 24, 2026 Order, Deckers' claim for Lanham Act trade dress infringement of the Asserted Bailey Button Boot Trade Dress (Count 2) and Deckers' state-law trade dress infringement and unfair competition claims (Counts 4–6) to the extent predicated on the Asserted Bailey Button Boot Trade Dress are dismissed with prejudice.

4.     In accordance with the jury's verdict [ECF 361], the jury found that Defendant's Australian Shearling Mini Boot infringes the '161 Patent (Question 1) and found the '161 Patent invalid (Question 2). Because invalidity is a complete defense to infringement, judgment on Count 7 is entered in favor of Quince notwithstanding the jury's finding of infringement.