United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DECKERS OUTDOOR CORPORATION,
Plaintiff,

v.

LAST BRAND, INC. dba QUINCE,
Defendant.

Case No. 23-cv-04850-AMO

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL ON VALIDITY**

Re: Dkt. No. 389

Plaintiff Deckers Outdoor Corporation's motion for new trial was heard before this Court on August 27, 2026. Having read the papers filed by the parties and carefully considered the arguments therein and those made at the hearing, as well as the relevant legal authority, the Court **DENIES** Plaintiff's motion for the following reasons.

## I. BACKGROUND

### A. Pretrial Proceedings

Deckers filed suit against Defendant Last Brand ("Quince") in June 2023. Dkt. No. 1. Deckers alleged that Quince engaged in unlawful acts constituting trade dress infringement and unfair competition in violation of the Lanham Act, infringement under federal patent laws, and violations of California statutory and common law. Dkt. No. 34-1.

As relevant here, Quince moved for partial summary judgment on the validity of Deckers' U.S. Patent D927,161 (the "'161 Patent") based on functionality and indefiniteness. Dkt. No. 142. The Court denied Quince's motion and held that Quince had not "clearly convinc[ed the Court] that [the drawing] discrepancies are of such magnitude that a boot designer and manufacturer could not determine with reasonable certainty the overall appearance of the boot." Dkt. No. 203 at 10.

Before trial, Deckers moved *in limine* to preclude any testimony or argument that "invites

the jury to perform claim construction of Deckers' design patents[.]" Dkt. No. 265 at 2. Specifically, Deckers sought an order precluding the parties from offering testimony or argument that

> "1) that directly or indirectly invites the jury to construe the claims of the '161 Patent; 2) that particular design elements are functional or ornamental; and 3) that proposes alternative claim constructions or alternative determinations of functionality, which would confuse and mislead the jury in violation of Federal Rule of Evidence."

*Id.* at 7. The Court denied this motion. Dkt. No. 308.

In its proposed verdict form, Deckers omitted any question on indefiniteness or enablement. *See* Dkt. No. 280. Similarly, Deckers raised in its objections to Quince's proposed jury instructions that patent claim indefiniteness is a question of law that must be decided by the judge, not the jury, because it depends on claim construction. Dkt. No. 284. Deckers asserted the same argument at the May 27, 2026, pretrial conference and the Court determined that Deckers waived the argument by failing to include invalidity as an issue for the Court to in the parties' joint proposed final pretrial conference order. Dkt. No. 306; *see also* Dkt. No. 324 at 2. At the final jury charge conference, Deckers objected to the submission of a general verdict question on invalidity. Trial Tr. vol. 4, 563-68, Dkt. No. 368.

**B. Trial**

Over the course of this action, all but one claim was resolved prior to trial. Dkt. No. 375. In June 2025, a jury trial was held to resolve the sole remaining issue – whether Quince's Australian Shearling Mini Boot infringes on the '161 Patent and whether the '161 Patent is invalid. *See id.*

During trial, Quince's expert witness summarized his opinion that the '161 Patent "is invalid because it's obvious, functional, and indefinite and not enabling." Trial Tr. vol. 4, 489. On cross-examination the witness stated that he is "not a lawyer," "not an expert in the law," "not an expert in obviousness," and "not an expert in the legal standard of enablement." *Id.* at. 491-92. Deckers objected that the witness stated the ultimate legal conclusion with respect to invalidity. *Id.* at 440-42. The Court overruled the objection under Federal Rule of Evidence 704. *Id.* at 448.

The Court instructed the jury that it could find the '161 Patent invalid for functionality, for

being indefinite or non-enabling, or for obviousness. Dkt. No. 353 at 26. The verdict form asked the jury one question on invalidity: whether Quince proved by clear and convincing evidence that the ’161 Patent is invalid. Dkt. No. 361 at 2.

Following a four-day trial, the jury found that Quince had infringed the ’161 Patent, but that it was invalid. *Id.* Because invalidity is a complete defense to infringement, the Court entered final judgment in Quince’s favor notwithstanding the jury’s finding of infringement. Dkt. No. 375.

**C. Post-Trial**

On July 22, 2026, Deckers filed this motion for new trial limited to the validity of the ’161 Patent. Dkt. No. 389. Specifically, it asks the Court to determine, as a matter of law, that the ’161 Patent is not invalid for indefiniteness or for lack of enablement under Federal Rule of Civil Procedure 59. The Court heard the motion for new trial on August 27, 2026. Dkt. No. 403.

## II. LEGAL STANDARD

The decision to grant a new trial motion under Federal Rule of Civil Procedure 59 lies within the discretion of the district court. *See Merrick v. Paul Revere Life Ins. Co.,* 500 F.3d 1007, 1013 (9th Cir. 2007). Rule 59 authorizes the Court to grant a new trial to prevent a miscarriage of justice. *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246 (9th Cir.1957), *cert. denied*, 356 U.S. 968 (1958). The movant bears the burden of showing the existence of error. *Ward v. City of San Jose*, 737 F. Supp. 1502, 1513 (N.D. Cal. 1990), *as amended on denial of reh’g* (June 16, 1992). However, error alone is not enough. No error supports a new trial unless it affected a party’s substantial rights, and the Court “must disregard all errors and defects that do not affect any party’s substantial rights.” Fed. R. Civ. P. 61. A court may not grant a new trial “on grounds not called to the court’s attention during the trial unless the error was so fundamental that gross injustice would result.” *Corder v. Gates*, 688 F. Supp. 1418, 1424 (C.D. Cal. 1988).

An instructional error in a civil case does not warrant a new trial if the party defending the judgment shows the error was “more probably than not harmless.” *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009). Evidentiary and trial-management rulings are reviewed for abuse of discretion and likewise require prejudice to substantial rights. *Tritchler v. County of Lake*, 358

F.3d 1150, 1155 (9th Cir. 2004); *see* Fed. R. Evid. 103(a); Fed. R. Civ. P. 61.

For a motion for new trial in a patent case, Federal Circuit law governs questions unique to patent law, including the legal sufficiency of jury instructions and whether indefiniteness may be submitted to the jury, while regional-circuit law governs when the questions do not implicate an issue of patent law. *Ollnova Techs. Ltd. v. ecobee Techs. ULC*, 177 F.4th 1343, 1354 (Fed. Cir. 2026).

## III. DISCUSSION

### A. Indefiniteness as a Question of Law

Deckers contends that indefiniteness presents a question of law that must be determined by the Court. Dkt. No. 389 at 1. It claims that it was legal error to submit the question of indefiniteness to the jury. *Id.* at 12. Deckers raised this issue with the Court in its objection to Quince's proposed jury instructions, Dkt. No. 284, and during the pretrial conference, Dkt. No. 306. Thus, Deckers called this claim to the court's attention before the trial. Therefore, the Court considers this claim for harmful error. *Ward*, 737 F. Supp. at 1513.

Deckers fails to show that it was legal error to submit the question of indefiniteness to the jury. Indefiniteness is appropriately resolved by a jury where issues presented are factual in nature. *BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372-73 (Fed. Cir. 2003) ("Like enablement, definiteness, too, is amenable to resolution by the jury where the issues are factual in nature."); *see also Bombardier Recreational Prods. Inc. v. Arctic Cat Inc.*, 785 F. App'x 858, 867 (Fed. Cir. 2019) ("The question of definiteness thus required the resolution of critical factual issues and was properly before the jury."). Deckers concedes that subsidiary factual questions relevant to indefiniteness may be submitted to a jury in an appropriate case, but argues that, here, the jury was not presented with a factual question because the jury was instructed that it could invalidate the patent for indefiniteness. Dkt. No. 401 at 5. This argument misses the mark.

In this action, the parties dispute what an artisan would understand from the drawings, which is a question of fact. *Bombardier*, 785 F. App'x at 867. Whether the ordinary designer would understand the patent sufficiently or how to create the patented design despite inconsistent drawings is a fact question. *Id.* (concluding indefiniteness was properly before the jury because

United States District Court
Northern District of California

the primary disputes were about "(1) whether a person of ordinary skill in the art would have understood how to design a 'seat position' for a standard rider despite the errors in the dimensions provided in the specification; and (2) whether a person of ordinary skill in the art would have known how to place a dummy or rider in a 'natural operating position' on a snowmobile" were based on "warring expert testimony" and "required the resolution of critical factual issues."). Deckers insists that "[w]hen the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute." Dkt. No. 389 at 12 (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008)). However, *O2* turned on whether the court fixed the claim's scope and thus is inapposite. Here, the Court fixed the claim's scope when it held that the design is defined by its figures, and neither party identified any term or scope question requiring further construction. Dkt. No. 203. Deckers incorrectly claims that the Court previously ruled differently on claim construction by denying summary judgment. Dkt. No. 389 at 8-12. Deckers' argument mischaracterizes the effect of the Court's order on Quince's motion for summary judgment, Dkt. No. 203.

Further, the Court has already twice resolved that indefiniteness should be presented to a jury in this case. *See* Dkt. Nos. 313, 324. Deckers argues that the Court's previous ruling on the merits narrowly applied to a question of whether particular slides could be shown to the jury. Dkt. No. 401 at 5. Not so. The Court's order plainly states, "the issue of indefiniteness is properly before the jury." Dkt. No. 324 at 2. A motion for new trial may not be used " 'to relitigate old matters[.]' " *Telecom Asset Mgmt., LLC v. Fiberlight, LLC*, 2016 WL 6216668, at *2 (N.D. Cal. Oct. 25, 2016) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). Deckers has presented no basis for the Court to change its ruling and find that it erred in its prior order.

Even if Deckers were right that indefiniteness was put before the jury in error, any error here was harmless. Though Deckers insists indefiniteness should have been determined by the Court, it does not challenge that the factual disputes on which the Court would determine indefiniteness were appropriately before the jury. This is fatal to Deckers's bid for a new trial because any separate legal determination about indefiniteness from the Court could rely on the jury's implied findings and would not change the final judgment. *See UniRAM Tech., Inc. v.*

*Taiwan Semiconductor Mfg. Co.*, 2008 WL 11515597, at *5 (N.D. Cal. Apr. 17, 2008) ("Any doubt in a general verdict in a civil case is resolved in favor of the prevailing party: Absent [special] interrogatories, the law presumes the existence of findings necessary to support the verdict the jury reached.") (internal quotation omitted). The underlying factual questions on which any legal determination would rely – what the figures would convey to a skilled designer – were tried to the jury on conflicting expert testimony. A new trial is not necessary because the Court would make the legal determination based on the jury's implied findings and the complete trial record, and the final judgment would remain the same. *Id.* Moreover, Deckers does not contend that the evidence presented at trial cannot support the jury's verdict. Thus, any error is harmless.

Finally, because Deckers's challenges to the jury instructions and verdict charge are collateral attacks on the Court's decision to submit indefiniteness to the jury, Dkt. No. 403, the Court need not independently address these arguments.

For the foregoing reasons, the Court DENIES the motion for new trial based on the grounds that the submission of indefiniteness to the jury constituted harmful error.

**B. Admission of Witness Testimony**

Deckers also asserts that the admission of Quince's expert witness testimony independently warrants a new trial. Dkt. No. 403. Deckers argues that the expert witness testified to legal conclusions by stating that the patent was legally indefinite and non-enabling. Dkt. No. 389 at 13-14. Deckers objected to the witness testimony at trial. Trial Tr. vol. 4, 440-43, Dkt. No. 368. Therefore, the Court reviews the admission of testimony for abuse of discretion.

Under Rule 704 of the Federal Rules of Evidence, expert testimony that is "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). However, the Ninth Circuit has held that " 'an expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law.' " *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002)). But, " 'a witness may refer to the law in expressing an opinion without that reference rendering the

testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms.' " *Id.* at 1017 (quoting *Specht v. Jensen*, 853 F. 2d 805, 809 (10th Cir. 1988)). An expert does not "improperly usurp the court's role by instructing the jury as to the applicable law" merely because his opinion draws on a legal requirement in reaching a factual conclusion. *Id.*

Deckers' argument rests on a misplaced assertion that indefiniteness is the same as claim construction. Deckers suggests that the expert's opinion that the patent is indefinite is necessarily a legal conclusion because it constitutes claim construction. The Court disagrees. Here, the expert testimony provided factual determinations based on design-level observations: "the inconsistent solid-line conventions in the figures, the undefined 'knob' in Figure 6, and how an ordinary designer viewing the figures as an ordinary observer would read them." Dkt. No. 400 at 10 (citing Trial Tr. vol. 4 at 488-90). The witness explained the test that he applied to reach his conclusion and clarified that he is not a lawyer. Trial Tr. vol. 4 at 489. The expert's testimony, stating that the ordinary designer could not understand the drawings with reasonable certainty or recreate the design based on the inconsistent drawings, was not claim construction. The expert witness appropriately reached a factual conclusion and provided evidence relevant to the factual question before the jury.

The Court finds that it did not abuse its discretion by admitting Quince's expert witness testimony that the patent is indefinite and non-enabling. Thus, the Court DENIES Deckers' motion for new trial based on the grounds the Court abused its discretion when it admitted expert witness testimony.

### C. Admission of Prior Art References

Deckers argues that the Court should grant a new trial because the admission of Quince's prior art references was erroneous. Dkt. No. 389 at 17. Specifically, Deckers alleges that the "volume of the prior art admitted . . . was cumulative and unfairly prejudicial, and was admitted without the weight Federal Rule of Evidence 403 demands." *Id.* at 18. As a threshold matter, the Court considers whether this particular objection was raised prior to the present motion. *Moore v. United States*, 1 F. 2d 839, 840 (9th Cir. 1924) (explaining that challenges to sufficiency of

evidence cannot be raised for the first time by motion for a new trial). Deckers never objected to the "voluminous, cumulative" nature of the prior art in its *motion in limine* to exclude evidence of prior art. *See* Dkt. No. 268 (raising objections based on Rule 37 (later withdrawn), authentication, hearsay, and lack of translation).

In the present motion, Deckers attempts to relitigate the Court's ruling that Deckers waived its day-of objections under the Court's exhibit-exchange procedure. Dkt. No. 337. The Court's determination that Deckers waived the objections was a discretionary case management decision. *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001). The Court set a deadline for receipt of objections; when the parties missed the deadline, the Court emailed the parties requesting the required documents to allow the parties to cure deficiencies in their submission. *See* Dkt. No. 357. Deckers's counsel did not respond to the Court's email until three hours after the original deadline. *Id.* Deckers challenged the ruling the next morning and by joint statement seeking leave to move for reconsideration. Dkt. No. 348. The Court denied leave. Dkt. No. 351. A motion for new trial does not present an opportunity for a party to challenge the Court's discretionary case management ruling. *Cf. Guangzhou Yucheng Trading Co. v. Dbest Prods., Inc.*, 644 F. Supp. 3d 637, 649-50 (C.D. Cal. 2022) (finding evidentiary rulings committed to the court's discretion). Therefore, because Deckers failed to include this objection in its *motion in limine* and waived its day-of objections, Deckers waived its present objection to the admission of the prior art.

On motion for a new trial, if the party did not call alleged error to the Court's attention during the trial, the court may not grant a new trial "unless the error was so fundamental that gross injustice would result." *Corder*, 688 F. Supp. at 1424. Deckers fails to adequately assert that the admission of the prior art references is sufficient grounds for a new trial. Deckers cites no authority asserting that the inclusion of numerous references warrants a new trial. Instead, Deckers provides authority showing that courts may limit the number of references admitted, then Deckers concludes without any further argument that "[b]y marshaling some twenty references across six 'Grounds' and inviting the jury to invalidate from their cumulative weight, Quince obfuscated the primary-reference anchored analysis binding Federal Circuit precedent requires." Dkt. No. 389 at 18-20. Deckers presents only conclusive statements that the admission of the

references "affected Deckers' substantial rights," *id.* at 18, but fails to identify how the admitted references were cumulative such that the admission prejudiced Deckers.

Accordingly, the Court DENIES the motion for new trial based on the grounds that the prior art references were cumulative and unfairly prejudicial.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion in its entirety.

**IT IS SO ORDERED.**

Dated: September 9, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**